BRUCE ARTHUR MEYER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11855

December 13, 1979          603 P.2d 1066

*Norman Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Bruce Arthur Meyer appeals from the district court's order denying his motion to withdraw his guilty plea to the charge of sexual assault. Meyer's only valid argument is that his guilty plea was not entered voluntarily and intelligently because he was not informed, on the record, that probation is not available to one convicted of sexual assault. A review of the record supports this contention. We reverse.

On September 30, 1978, Meyer allegedly forced a child to perform fellatio. Meyer was charged with lewdness with a minor, NRS 201.230, and sexual assault of a minor, NRS 200.364, 200.366.

Pursuant to a plea bargain negotiated with the district attorney, an amended information was filed charging Meyer

with sexual assault, in lieu of sexual assault with a minor.[1] In addition, the state promised to dismiss the other charges against Meyer at the time of his sentencing.[2] Meyer pleaded guilty to sexual assault.

The district judge questioned Meyer to determine whether the plea was voluntarily entered and whether Meyer had a complete understanding of the crime charged and of the consequences of his plea. In an effort to establish on the record that the guilty plea was constitutionally valid, the district judge generally followed the guidelines set forth in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970). However, the district judge's acceptance of Meyer's guilty plea was fatally defective because the record is devoid of any indication that Meyer was informed that sexual assault is not a probational offense.[3]

Whether or not probation is available is critical to the defendant's understanding of the consequences of his guilty plea. Therefore, when an offense is not probational, the district judge has a duty to insure that the record discloses that the defendant is aware of that fact. Wells v. State, 396 A.2d 161 (Del. 1978) and Wood v. Morris, 554 P.2d 1032 (Wash. 1976).[4]

---

[1] The minimum sentence for sexual assault is 5 years. NRS 200.366(2)(b)(2). The minimum sentence for sexual assault of a minor is 10 years. NRS 200.366(2)(c).

[2] The state did fulfill its side of the bargain after Meyer was sentenced to five years in prison.

[3] NRS 200.366 Sexual assault: Definition; penalties.
". . . .
2. Any person who commits a sexual assault shall be punished:
. . . .
(b) If no substantial bodily harm to the victim results:
(1) By imprisonment in the state prison for life, with possibility of parole, beginning when a minimum of 5 years has been served; or
(2) By imprisonment in the state prison for any definite term of 5 years or more, with eligibility for parole beginning when a minimum of 5 years has been served."
NRS 176.185 Suspension of execution of sentence by court; terms and conditions of probation.
"1. Whenever any person has been found guilty in a district court of a crime upon verdict or plea, the court, *except* in cases of capital murder or murder of the first or second degree, kidnaping in the first degree, *sexual assault,* or an offense for which the suspension of sentence or the granting of probation is expressly forbidden, may by its order suspend the execution of the sentence imposed and grant probation to the convicted person as the judge thereof deems advisable. . . ." (Emphasis added.)

[4] *See* ABA Standards Relating to the Ad. of Crim. Just., Pleas of Guilty, Standard 14-1.4(a)(ii) (Second Ed. Tentative Draft 1978). *Cf.* United States v. Del Prete, 567 F.2d 928 (9th Cir. 1978), United States v. Wolak, 510 F.2d 164

The failure to adequately inform Meyer of the consequences of his plea created a manifest injustice that may be corrected by setting aside the conviction and allowing Meyer to withdraw his guilty plea. *See* NRS 176.165.[5] The order denying withdrawal of the plea was an abuse of discretion. Consequently, the order is reversed and the case is remanded to the district court to permit Meyer to plead anew.

Reversed and remanded.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

(6th Cir. 1975) (district judge must inform defendant of mandatory special parole term and mandatory minimum sentence in order to comply with Fed.R.Crim.P. 11). *Contra,* State v. Stewart, 364 N.E.2d 1163 (Ohio 1977).

[5]NRS 176.165   When plea of guilty may be withdrawn:

"Except as provided in NRS 176.225, a motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."