FREDERICK HALLEY HEIMRICH, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 12310

July 20, 1981                           630 P.2d 1224

*Norman Y. Herring,* State Public Defender, and *Gary L. Marr,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Peter L. Knight,* District Attorney, Nye County, for Respondent.

### OPINION

*Per Curiam:*

On October 24, 1979, appellant pled guilty to murder in the first degree in order to avoid the possible imposition of the death penalty. When appellant entered his plea he was not advised on the record that murder is a non-probationary crime. *See* NRS 176.185(1). Appellant was sentenced to life in prison without possibility of parole. This appeal followed.

Appellant contends that his plea was not entered voluntarily and intelligently because he was not informed on the record that probation is not available to one found guilty of murder. Appellant relies upon Meyer v. State, 95 Nev. 885, 603 P.2d 1066 (1979).

In *Meyer* we stated that "when an offense is not probational, the district judge has a duty to insure that the record discloses that the defendant is aware of that fact." *Id*. at 887, 603 P.2d at 1067 (citations omitted). The record in the case at bar does not indicate that the district judge made any inquiry into appellant's awareness of the non-probationary status of murder. If *Meyer* were applied to this case, it appears that appellant should be allowed to return to district court to enter a new plea. There are countervailing reasons, however, not to apply *Meyer* in this case.

Appellant entered his plea on October 24, 1979. Our decision in *Meyer* was announced on December 13, 1979. A reading of *Meyer* and our earlier cases indicates that the holding in *Meyer* was a new interpretation of NRS 174.035(1)[1]. *See* Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970). Since this court had

---

[1]NRS 174.035(1) provides:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.

not previously announced that the district court has a "duty to insure that the record discloses that the [appellant] is aware of [the non-probational status of a crime]" as a consequence of his plea, the decision in *Meyer* is not to be applied retroactively. Since appellant's plea was entered prior to our decision in *Meyer,* that case does not apply to the case at bar. Therefore, the judgment of conviction is affirmed.