**Samuel Douglas WEST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0426–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 17, 1983.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Ray Elvin Speece, Richard Bax, Houston, for appellee.

Before LEVY, WARREN and DOYLE, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for aggravated rape. The appellant, after entering a plea of guilty, was sentenced by the Court, after a pre-sentence investigation, to 25 years confinement.

In his sole ground of error, appellant contends that his guilty plea was not knowingly and voluntarily entered because he relied upon inaccurate legal advice concerning the punishment that would be assessed.

Appellant and a co-defendant were charged with aggravated rape. His co-defendant, who had been previously convicted of auto theft, was convicted by a jury, and the trial judge sentenced him to 25 years confinement as a second offender. A month later, appellant signed a judicial confession, waiving his constitutional rights and stipulating the evidence. This document further stated that the parties had not agreed upon a punishment recommendation, and that appellant understood that the prosecutor would argue punishment to the court without making a specific recommendation as to length of confinement. Prior to executing the judicial confession, appellant had rejected the State's offer in plea-bargain negotiations to recommend a 15-year sentence. Appellant also timely filed a motion for probation.

The appellant entered his guilty plea in open court and the judge admonished him as to range of punishment and ascertained that appellant understood there was no agreed recommendation on punishment. The State offered into evidence appellant's written judicial confession and motion for probation. After the court inquired of defense counsel whether he "had anything on the question of probation," appellant testi-

fied that he was 28 years old, married with children, and had never been convicted of a felony. He requested that the court conduct a pre-sentence investigation prior to assessing punishment. The court found appellant guilty of aggravated rape, deferred sentencing for three weeks, and instructed the appellant to be interviewed by the probation officer.

At the punishment hearing, the pre-sentence investigation report was admitted into evidence. The report reflected the circumstances of the offense, showed that appellant's only prior conviction was for interfering with an officer investigating an accident, and that appellant's character references regarded him highly. The probation officer was unable to find any past history of violent or abusive behavior, and categorized appellant as an "excellent worker" with a "fine family, two terrific young girls, remarkable wife, good home, and support of family and neighbors".

A psychiatrist testified as a defense witness that appellant had a treatable alcohol problem with a good prognosis, and no psychological abnormalities.

At the conclusion of the evidence, defense counsel asked that appellant be placed on probation by means of deferred adjudication of guilt pursuant to art. 42.12, sec. 3d(a), Tex.Code Crim.Pro.Ann. (Vernon 1979). The prosecutor responded that it was "ridiculous" for the defense to believe that appellant would be considered for any type of probation, that no deals were made as to punishment, and that the court should assess a lengthy term of confinement. The State reminded the court of testimony adduced in the co-defendant's trial, wherein the evidence demonstrated that appellant had inflicted most of the physical beating and abuse.

The court sentenced appellant to 25 years confinement, the same sentence received by his co-defendant.

In his motion for new trial, appellant contended that his guilty plea was unknowing and involuntary. At the hearing on the motion, the assistant district attorney testified that he had never asked the court to assess punishment at more than 15 years, and, at the request of defense counsel, he had not made his plea-bargain offer known to the court. Appellant's trial counsel testified that although he was aware that the evidence in the co-defendant's trial demonstrated that appellant inflicted most of the physical abuse, he believed that the two defendants were equally culpable. Although the co-defendant had been sentenced to 25 years as a second offender, trial counsel advised the appellant to reject the 15-year plea-bargain offer because he believed that the court would be more lenient with appellant because he was a first offender. Further, counsel stated that he thought appellant had a very good chance of receiving probation by deferred adjudication.

Trial counsel advised appellant that it was his experience that the State's recommendation during plea bargain negotiations was a "very good indication" of the punishment the court would assess, and that the realistic range of punishment in this case would be, in his estimation, from deferred adjudication to less than 15 years. In his discussions with the appellant prior to entry of the guilty plea, trial counsel did not consider it realistic that the Court would assess punishment at more than 15 years. He told appellant, however, that the court was required to admonish him as to the full range of possible punishment (5 to 99 years, or life imprisonment, and a fine of up to $10,000).

Appellant testified that it was his understanding that if he pleaded guilty and requested a pre-sentence investigation, and the judge denied his request for deferred adjudication, the punishment would range from 5 to 8 years, and certainly not more than 15 years. The appellant did not recall whether this understanding was based on his trial counsel's opinion of what would happen, or on a representation made by the trial judge to his counsel. Appellant said that his trial counsel cited his co-defendant's prior conviction to explain the disparity in the co-defendant's sentence and his expectations for appellant's sentence.

■ For a guilty plea to be knowing and voluntary, it must be made with full understanding of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns,* 601 S.W.2d 370 (Tex.Cr.App.1980). Where a defendant pleads guilty on advice of counsel, he must demonstrate on appeal that the advice was not within the range of competence demanded of counsel in criminal cases. *McMann v. Richardson, supra.* The adequacy of an attorney's services must be gauged by the totality of the representation. *Williams v. State,* 513 S.W.2d 54 (Tex.Cr.App.1974). The fact that other counsel might have tried the case differently does not in itself show inadequate representation. *Rockwood v. State,* 524 S.W.2d 292 (Tex.Cr.App.1975). However, full inquiry into the strategy or tactics of counsel should be made if there appears to be no plausible basis in strategy or tactics for his actions. *Ex parte Burns, supra.*

■ In the instant case, appellant claims to have been misled by his counsel in two respects; first, as to his eligibility for probation, and second, as to the likely range of punishment. But for the probation issue, we would be inclined to conclude that defense counsel's advice to reject the plea bargain offer and his opinion that the court would assess a lower punishment after pre-sentence investigation constituted a trial strategy that backfired. *Johnson v. State,* 614 S.W.2d 148 (Tex.Cr.App.1981). However, considering this unsuccessful strategy, combined with appellant's misunderstanding of his eligibility for some type of probation, we find that appellant's guilty plea was not knowingly and voluntarily entered because it was substantially induced by his counsel's significantly misleading statements and erroneous legal advice. *Cooks v. United States,* 461 F.2d 530 (5th Cir.1972).

Prior to executing his judicial confession, appellant filed a motion for probation.

Upon entry of the guilty plea, the State offered the motion for probation into evidence. Prior to finding appellant guilty, the court heard testimony on the issue of probation. A pre-sentence investigation was conducted after appellant was adjudged guilty, but prior to sentencing. At the punishment hearing, the pre-sentence investigation report was admitted into evidence, and testimony was heard regarding a psychiatric examination of appellant. At the conclusion of the evidence, defense counsel argued that appellant be placed on probation by means of deferred adjudication of guilt pursuant to art. 42.12, sec. 3d(a), *supra.* At the hearing on motion for new trial, appellant's counsel reiterated that he had thought appellant had a very good chance of receiving probation by deferred adjudication.

The totality of the circumstances reflect that it was not at all unreasonable for appellant to have believed that he was eligible for and being considered for probation both at the time he entered his plea and thereafter until sentence was pronounced. In fact, he was never eligible for probation because conviction of aggravated rape precludes eligibility for probation. Art. 42.12, sec. 3f, *supra.* Further, trial counsel did not request the court to consider deferring adjudication of guilt until after the court found appellant guilty. At that point, the court was without power to defer adjudication of guilt pursuant to art. 42.12, sec. 3d(a), *supra.*

In *Brown v. State,* 478 S.W.2d 550 (Tex. Cr.App.1972), the Court held that the trial court had "no duty to admonish a defendant that he might not receive probation." In *Brown,* there was nothing in the record to indicate that the appellant was led to believe that he would receive probation upon entry of a plea of guilty. The instant case is clearly distinguishable, where the record is replete with implications by both his attorney and the court that appellant was eligible for the requested probation.

■ Art. 26.13, Tex.Code Crim.Pro.Ann. (Vernon 1979), does not expressly require the court to admonish the defendant of his

eligibility for probation. However, we believe that in a case such as this, where the issue of probation is raised, the better course to ensure that a guilty plea is voluntary would be to timely admonish the defendant of his ineligibility for probation. See *Ramirez v. State,* 655 S.W.2d 319, 321 (Tex.App.—Corpus Christi 1983, no pet. history). This would conform to the ABA Standards for Criminal Justice, Pleas of Guilty, Standard 14–1.4 (2nd ed. 1982), which provides in part:

> (a) The court should not accept a plea of guilty of nolo contendere from a defendant without first addressing the defendant personally in open court and determining that the defendant understands:
>
> \* \* \* \* \* \*
>
> (ii) the maximum possible sentence on the charge, including that possible from consecutive sentences, and the mandatory minimum sentence, if any, on the charge, *or of any special circumstances affecting probation or release from incarceration;*

[emphasis added]

Other jurisdictions have adopted this standard. See *Meyer v. State,* 95 Nev. 885, 603 P.2d 1066 (1979) (wherein the court stated at 1067, "[w]hether or not probation is available is critical to the defendant's understanding of the consequences of his guilty plea. Therefore, when an offense is not probational, the district judge has a duty to insure that the record discloses that the defendant is aware of that fact.").

The judgment is reversed and the cause is remanded to the trial court for a new trial.

WARREN, J., concurs.

WARREN, Justice, concurring.

I reluctantly concur. The trial judge could have deferred adjudication of guilt under art. 42.12, sec. 3d(a), before he found appellant guilty. Under the circumstances however, the appellant's expectation of such a determination was so unreasonable as to render it nonexistent. But for the serious discussions of probation during the proceedings, which reinforced rather than dispelled appellant's expectation, I would affirm.

I am reluctant to add additional admonishments to the trial judge's already long list. However, where a defendant is statutorily ineligible for probation and his counsel argues for, or presents evidence in support thereof, the law should require the trial judge to make appropriate admonishments. See *Ramirez v. State,* 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no pet. history).