**Joe Hernandez SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–83–0259–CR.**

Court of Appeals of Texas,
Amarillo.

June 8, 1984.

Rehearing Denied July 2, 1984.

Jim Pete Hale, P.C., Kevin Henderson, Brownfield, for appellant.

G. Dwayne Pruitt, County Atty., Ramon Gallegos, Asst. County Atty., Brownfield, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Joe Hernandez Sanchez appeals his conviction, upon his plea of guilty, of aggravated rape. Tex.Penal Code Ann. § 21.03(a)(4) (Vernon 1974).* The court assessed punishment at forty-five years confinement in the Department of Corrections. We affirm the judgment of the trial court.

---

\* Effective September 1, 1983, Tex.Penal Code Ann. § 21.03 and § 21.05 (Vernon 1974) were repealed. Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(1)(C) and (D) (Vernon 1979) were combined to reflect the new offense of aggravated sexual assault. *See* Tex.Penal Code Ann. § 22.-021 (Vernon Supp.1984) and Tex.Code Crim. Pro.Ann. art. 42.12 § 3f(a)(1)(C) (Vernon Supp.

1984). Accordingly, since appellant was charged and convicted prior to the effective date of change, he was ineligible for probation because the trial judge adjudged him guilty of aggravated rape and specifically found that he exhibited a deadly weapon in the commission of the offense.

In his two grounds of error, appellant presents the question of whether this case must be reversed by failure of the trial court to admonish the appellant of his ineligibility for probation.

On the 9th day of June, 1983, in three counts, appellant was charged with the instant offense. The case was called for trial on the 29th day of August, 1983. At that time, the State announced it was proceeding under the first count of the indictment which charged appellant with exhibiting a deadly weapon during the course of the rape. Upon the announcement of appellant's intention to plead guilty the court proceeded to admonish appellant as to the consequences of that plea. The record shows the following exchange with reference to the critical area of admonition by the court of the range of punishment.

> The Court: ... the range of punishment—is this first—
>
> Mr. Pruitt: First degree, Your Honor.
>
> The Court: The range of punishment for this offense is by confinement in the Texas Department of Corrections for a term of not less than five, nor more than ninety-nine years, or life, and a possible fine not to exceed $10,000.00.
>
> Now, do you understand the range of punishment?
>
> Defendant: Yes, sir.
>
> The Court: Okay. Knowing what you are charged with, and the range of punishment, how do you plead, guilty or not guilty?
>
> Defendant: Guilty.
>
> The Court: Are you pleading guilty because you are guilty, and for no other reason?
>
> Defendant: Yes, sir.
>
> The Court: You are not pleading guilty because of any fears, threats, promises or persuasion or delusive hope of pardon or parole that has caused you to confess your guilt?
>
> Defendant: No.

The court also ascertained there was no plea bargain in the case.

The record also reveals that appellant had waived his right: (1) to confront the witnesses; (2) to not incriminate himself; (3) to a jury trial; and (4) to have the jury assess punishment. To support the guilt of appellant, the State offered into evidence a written stipulation which contained in part a confession by appellant. No question as to the sufficiency of the evidence to sustain the conviction has been raised by appellant.

At the punishment hearing, appellant, his mother and an employer testified on his behalf. Although an application for probation had been filed by appellant, during his testimony he never specifically asked for probation and was never queried as to his knowledge of, and ability to conform to, conditions of probation. He did testify that he had never before been convicted of a felony and this was his first trouble with the law. His other witnesses testified as to his general good conduct and character.

At the conclusion of the punishment hearing, the judge permitted arguments. During the defense argument counsel argued for justice tempered with mercy but never referred to or requested probation. In the State's argument the prosecutor pointed out to the court that appellant was ineligible for probation even though the application had been filed. To this part of the argument no response was made by the defense. Subsequent to the arguments and prior to the assessment of sentence in response to a request by appellant the judge did order the preparation of a presentence report which, however, is not in the record.

Upon a plea of guilty, Tex.Code Crim. Pro.Ann. art. 26.13 (Vernon 1983), *in para materia*, provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendre, the court shall admonish the defendant of:
>
> (1) the range of the punishment attached to the offense;
>
>     *     *     *     *     *     *
>
> (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, *unless the defendant affirmatively shows that he*

*was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.* (emphasis added.)

In *Ex Parte Battenfield*, 466 S.W.2d 569 (Tex.Crim.App.1971), the court held that the provisions of Article 26.13 are mandatory and must be complied with as a condition precedent to the validity of a plea of guilty and also held that the question of noncompliance with those requirements could be raised at any time.

In *Brown v. State*, 478 S.W.2d 550 (Tex. Crim.App.1972), the court specifically held that a trial court "has no duty to admonish a defendant that he might not receive probation." En route to that conclusion, however, the court noted and placed emphasis upon the fact that there "is nothing in the record to indicate that appellant was led to believe that he would receive probation upon the entry of a plea of guilty." In *Ex Parte McAtee*, 599 S.W.2d 335 (Tex.Crim. App.1980), the court held that, in a case such as this where the defendant has received an admonishment with respect to punishment, even if arguably incomplete, there is a prima facie showing of a knowing and voluntary plea of guilty and the burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed.

The teaching of these cases and the statute as applied to the instant case, is that the trial court was not obliged to admonish appellant that he was ineligible for probation. If appellant was in fact unaware of the consequences of his plea and was misled or harmed by the court's failure to admonish him of his ineligibility for probation, it was his burden to establish in the record this fact.

The seminal case in the area of the question herein presented is *Ramirez v. State*, 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no pet.). In that case, the accused pled guilty to the offense of aggravated robbery, and was thereby ineligible for probation under the provisions of Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(2) (Vernon

1979). In that case, while in the course of admonishing the accused on the range of punishment, the trial court told the accused "if you have made application for probation, you should be advised that your application for probation may or may not be granted." The court there concluded that the record clearly demonstrated that Ramirez pled guilty in anticipation that he had a chance of receiving probation. In reaching that conclusion, the appellate court placed particular emphasis upon the trial court's admonishment concerning probation. It held that that comment, together with the filing of the application for probation, the testimony produced at the punishment hearing, which was not detailed in the opinion, coupled with the fact that the court ordered a pre-sentence investigation report, justified their conclusion. Illustrative of the emphasis placed by the appellate court upon the trial court's reference to probation was the comment in the opinion that "in the light of the language used by the court in its admonition, it can reasonably be held that appellant was influenced by the possibility of probation in the entering of his plea 'guilty.'"

In urging reversal, appellant places primary reliance upon the court's reasoning and decision in *West v. State*, 661 S.W.2d 305 (Tex.App.—Houston [1st Dist.] 1983, pet. granted). In that case, West entered a plea of guilty to aggravated rape and, in spite of his motion for probation, was sentenced to confinement in the Department of Corrections. In his ground of error, West contended his guilty plea was not voluntary because he relied upon inaccurate legal advice concerning the punishment that would be assessed.

Examination of that opinion reveals that upon the completion of the State's evidence the trial court specifically inquired of defense counsel whether he "had anything on the question of probation." Moreover, in that case at the conclusion of evidence production the defense counsel specifically asked that West be "placed on probation by means of deferred adjudication." Further, at the hearing on the motion for new trial

extensive testimony was produced by both West and his trial counsel as to the conversation between them relative to what punishment might realistically be expected. This testimony was buttressed by the testimony of an assistant district attorney as to the length of punishment he had asked the trial court to set. Based upon these facts, the court found "the record is replete with implications by both his attorney and the court that appellant was eligible for the requested probation" and that West had reason to believe "he was eligible for and being considered for probation both at the time he entered his plea and thereafter until sentence was pronounced." We believe both *Ramirez* and *West* are clearly distinguishable from the instant case.

Examination of the record in this case reveals no erroneous references by this trial court in its admonitions to the possibility of probation as were made in these cases. Significantly, at the hearing on the motion for new trial, appellant did not present any testimony either by appellant or his trial counsel to show that in making the plea appellant relied upon erroneous representations as to punishment by his counsel or that it was induced in any manner by a prospect of probation. The mere fact that the appellant filed an application for probation is not, by itself, sufficient to show that he entered his plea without understanding the consequences. This is particularly true in view of his failure to produce any such testimony at the hearing on the motion for new trial.

Neither does the fact that the court ordered a pre-sentence investigation warrant such a conclusion. Pre-sentence investigations are relevant and proper for use by the court in determining the amount of any punishment which might be assessed. The testimony of appellant as to his remorse, previous good conduct and state of intoxication and that of his witnesses as to appellant's good conduct and character was relevant as the amount of punishment which might be assessed and are not necessarily related to a pursuit of probation.

In summary, this record does not justify a conclusion that appellant has met his burden to affirmatively show that the court's failure to admonish him as to his ineligibility for probation resulted in his being unaware of the consequences of his plea and that he was consequently misled or harmed by the admonishment of the court.

There being no reversible error, the judgment of the trial court is affirmed.