**Rory Keith JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 13–84–050–CR, 13–84–051–CR, 13–84–109–CR and 13–84–110–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1985.

Randy McDonald, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was indicted as follows:

Trial Court Cause No. 367647 (Ct. of Appeals No. 13–84–050–CR)

Count I: aggravated robbery

Count II: aggravated rape

Trial Court Cause No. 367587 (Ct. of Appeals No. 13–84–051–CR)

Count I: aggravated rape

Count II: aggravated robbery

Trial Court Cause No. 368027 (Ct. of Appeals No. 13–84–109–CR)

Count I: aggravated robbery

Count II: aggravated rape

Trial Court Cause No. 368170 (Ct. of Appeals No. 13–84–110–CR)

Aggravated robbery

Appellant pled nolo contendere to all seven of the above counts; then, in each cause, the State introduced as evidence a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession."

The trial court deferred any finding of guilt until a pre-sentence investigation could be conducted, then after considering the report from that investigation, the trial court entered the following findings of guilt at the sentencing hearing.[1]

| Cause No. | Guilty of |
|-----------|-----------|
| 367647 | Aggravated Rape |
| 367587 | Aggravated Rape |
| 368027 | Aggravated Robbery |
| 368170 | Aggravated Robbery |

The trial court assessed appellant's punishment at 45 years' confinement in the Texas Department of Corrections for each offense.

Appellant's court-appointed counsel has filed a brief in which he has concluded, except as to be discussed, that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974).

In his brief, counsel states that he has served a copy of that brief on appellant, and that appellant was informed by letter that he had a right to review the appellate record and to submit a pro se brief. Appellant has filed a pro se brief with the Court.

We will first consider the ground of error advanced by counsel. That ground of error alleges that the trial court erred in finding appellant guilty of aggravated rape

in Cause No. 367647 because the court approved the State's motion to dismiss count two of the indictment in that cause. Count two alleged aggravated rape.

Inspection of the transcript reveals that the second paragraph of the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" alleging aggravated rape in Cause No. 367647 is bracketed and bears the handwritten notation "aband."

"Further inspection of the judgment reveals the following: (1) in a space labeled "offense" is the handwritten notation "aggravated rape and aggravated robbery, but upon motion of the State, the second paragraph was abandoned and dismissed; the Defendant on trial for aggravated rape," and (2) in a space labeled "count and/or paragraph" is the handwritten notation count one, paragraphs one and two;" however, the words "and two" have been almost obliterated.

■ We agree that the second count of the indictment was dismissed by the trial court. Thus, the conviction for aggravated rape in Cause No. 367647 must be reversed. In that no finding has been made on appellant's plea of nolo contendere to the aggravated robbery count of the indictment, the judgment in Cause No. 13–84–050–CR is reversed and the cause is remanded to the trial court for a determination on that count.

In a pro se brief, appellant alleges that the trial court erred in failing to admonish appellant that he would be ineligible for probation if he pled guilty to the offense of aggravated rape or aggravated robbery. In *Ramirez v. State*, 655 S.W.2d 319, 321–22 (Tex.App.—Corpus Christi 1983, no pet.), this Court held that under the circumstances of that case, it was incumbent upon the court to admonish the defendant that a direct consequence of pleading guilty of aggravated robbery was to give up any chance of probation.

---

1. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon Supp.1984). *Jackson v. State*, 680

S.W.2d 809 (Tex.Crim.App.1984).

Appellant was ineligible for probation. The law in effect at the time of these offenses provided as follows:

Sec. 3f. (a) The provisions of Sections 3 and 3c of this Article do not apply:

(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

(A) Section 19.03 (Capital murder);

(B) Section 20.04 (Aggravated kidnapping);

(C) Section 21.03 (Aggravated rape);

(D) Section 21.05 (Aggravated sexual abuse);

(E) Section 29.03 (Aggravated robbery); or

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

Act of June 10, 1977, ch. 347, § 1, 1977 Tex.Gen.Laws 925, 926, *amended by* Act of June 19, 1983, ch. 977, § 10, 1983 Tex.Gen. Laws 5311, 5320–21.

Appellant alleges that the record clearly demonstrates that he thought he was eligible for probation. He argues that we must presume this is so because the court ordered a pre-sentence investigation, and this was "done in order to determine whether the circumstances justified placing appellant on probation." *See Ramirez,* 655 S.W.2d at 321.

Appellant now contends that he would not have pled nolo contendere had he been admonished that he had no chance for probation, and thus, the pleas were involuntary. However, no application for probation was filed, *See* TEX.CODE CRIM. PROC.ANN. art. 27.02 (Vernon Supp.1984) nor does the record show circumstances similar to *Ex parte Kelly,* 676 S.W.2d 132 (Tex.Crim.App.1984). In both *Ramirez v. State* and *Ex parte Kelly* the record reflected that the defendants filed applications for probation and clearly reflected that the defendants were under the false impression that they were eligible for probation.

■ In the instant case, we cannot say that the trial court's directive to the probation department to prepare a pre-sentence investigation is conclusive proof that appellant labored under the mistaken belief that he was eligible for probation. Rather, after appellant pled nolo contendere to the State's charges, the trial court stated in the record that he would not enter a finding of guilt at that time so that he would have open the prospect of a deferred adjudication after a PSI was prepared.[2] *See* TEX. CODE CRIM.PROC.ANN. art. 42.12 Sec. 3d(a) (Vernon Supp.1985). Appellant's counsel also stated that he had discussed deferred adjudication with appellant as within the range of punishment.

In *Brown v. State,* 478 S.W.2d 550 (Tex. Crim.App.1972), the court wrote:

"There is nothing in the record to indicate that appellant was led to believe that he would receive probation upon the entry of a plea of guilty. The court has no duty to admonish a defendant that he might not receive probation."

■ In the instant case, appellant was informed only that the court would consider deferred adjudication. "The power to defer adjudication rests solely within the discretion of the trial court." *Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App. 1983). We have reviewed the record and

---

**2.** In *Sanchez v. State,* 673 S.W.2d 354, 357 (Tex. App.—Amarillo 1984, no pet.), the court wrote: "Neither does the fact that the court ordered a pre-sentence investigation warrant such a con- clusion. Pre-sentence investigations are relevant and proper for use by the court in determining the amount of any punishment which might be assesed."

find nothing to indicate that appellant was led to believe that he would receive probation. In *Harrison v. State*, No. 0110–84 (Tex.Crim.App. February 20, 1985) (not yet reported) (where the trial court misstated the availability of probation), the Texas Court of Criminal Appeals held that substantial compliance with Art. 26.13, V.A.C.C.P. is a prima facie showing of a voluntary plea of guilty and that the burden shifts to the defendant to show he was harmed or misled by an incorrect admonishment. In the instant case, the trial court properly admonished the appellant; the trial court did not misstate the availability of probation; and, the record does not show that appellant's plea was made in reliance of receiving probation. The ground of error presented in appellant's pro se brief is overruled.

The judgments of the trial court in cause numbers 13–84–051–CR, 13–84–109–CR, and 13–84–110–CR are AFFIRMED and the judgment in cause number 13–84–050–CR is REVERSED and the cause is REMANDED to the trial court for a determination on that count consistent with this opinion.