EARL FREDRICK ASWEGAN, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 16270

December 12, 1985                                     710 P.2d 83

*Aebi, FitzSimmons & Lambrose,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City, and *Mills Lane,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for post-conviction relief. Pursuant to a plea bargain, appellant pleaded guilty to four counts of sexual assault. Appellant argues that his guilty plea was not entered voluntarily and intelligently because he was not informed, on the record, that probation is not available to one convicted of sexual assault. Our review of the record supports this contention. Accordingly, we reverse.

In Meyer v. State, 95 Nev. 885, 603 P.2d 1066 (1979), a case factually indistinguishable from the instant case, we held that a district court's acceptance of a guilty plea was fatally defective because the record did not indicate that the defendant in that case had been informed that probation was not available to one convicted of sexual assault. In so holding, we stated: "Whether or

not probation is available is critical to the defendant's understanding of the consequences of his guilty plea. Therefore, when an offense is not probational [sic], the district judge has a duty to insure that the record discloses that the defendant is aware of that fact." *Id.* at 887, 603 P.2d at 1067.

The manifest injustice created by the district court's failure to inform appellant that probation was not a possibility in his case may be corrected by setting aside the conviction and allowing appellant to withdraw his guilty plea. *See* NRS 176.165. Accordingly, the order of the district court denying appellant's petition for post-conviction relief is reversed and the case is remanded to the district court for further proceedings. In light of this disposition, we need not consider appellant's remaining contentions.

Reversed and remanded.