968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick Halley HEIMRICH, Petitioner-Appellant,
v.
George DEEDS, et al., Respondents-Appellees.
 No. 91-16293.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided July 21, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Heimrich appeals the district court's denial of his petition for habeas relief from a sentence of life imprisonment without possibility of parole, arguing that the court erroneously rejected his contentions that (1) his guilty plea was involuntary because the state trial court failed to inform him during the plea hearing that the offense to which he pled guilty was not one for which he could be sentenced to probation, and (2) the state trial court lacked the authority to sentence him to life imprisonment without parole. In addition, Heimrich argues for the first time on appeal that the information upon the basis of which he was prosecuted failed to provide notice of the charges against him. We affirm the district court's denial of Heimrich's petition as to the first ground for relief, remand with instructions to dismiss as to the second, and decline to reach the third.
 
 I. Facts
 
 3
 Heimrich was charged with murder in Nevada state court on July 9, 1979. He ultimately agreed to plead guilty to first degree murder in exchange for the dismissal of other charges and the state's promise not to seek the death penalty, which agreement was memorialized in writing. At the plea hearing, Heimrich admitted that he and two other men had stabbed Nancy Sue Stephens to death because he was "afraid she would charge rape." The primary issue at the hearing was whether Heimrich would be sentenced to life imprisonment with, or without, possibility of parole. The court explained his rights and the consequences of his plea, including that it could sentence him to life imprisonment without possibility of parole, but did not explain that one convicted of first degree murder could not receive probation. The court then found him guilty of murder in the first degree and sentenced him to life imprisonment without possibility of parole.
 
 
 4
 Heimrich appealed his sentence to the Nevada Supreme Court, arguing that his plea had not been voluntary and intelligent because the trial court had failed to inform him on the record during the plea hearing that probation was not available to one convicted of first degree murder. The Nevada Supreme Court subsequently determined that under the statute governing the taking of guilty pleas in Nevada, Nev.Rev.Stat. § 174.035(1), a trial court was required to inform the defendant of the fact that the crime to which he pleads is not one for which he could be sentenced to probation. Meyer v. State, 603 P.2d 1066 (Nev.1979). However, the court decided not to apply Meyer retroactively. Thus, since Heimrich had entered his plea prior to the Meyer decision, the court rejected his appeal on the merits. Heimrich v. State, 630 P.2d 1224 (Nev.1981).
 
 
 5
 On June 4, 1990, Heimrich filed a motion to correct an illegal sentence under Nev.Rev.Stat. § 176.555, arguing that the trial court had lacked the authority to sentence him to life imprisonment without possibility of parole. The district court denied the motion, and Heimrich appealed. The Nevada Supreme Court dismissed the appeal on the ground that Heimrich's notice of appeal had not been filed within the thirty-day limit prescribed by Nevada Rule of Appellate Procedure 4(b).
 
 
 6
 On February 22, 1991, Heimrich filed a habeas petition in federal court, asserting that (1) his plea had not been voluntary and intelligent due to the trial court's failure to inform him of his ineligibility for probation, and (2) the trial court had lacked the authority to sentence him to a term of life imprisonment without possibility of parole. The district court denied the petition, and Heimrich timely appealed.
 
 II. Standard of Review
 
 7
 The district court's denial of a petition for habeas relief under 28 U.S.C. § 2254 is reviewed de novo, and its findings of fact for clear error. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 III. Analysis
 A. The Validity of Heimrich's Plea
 
 8
 A guilty plea is voluntary and intelligent, and therefore comports with the requirements of the Due Process Clause, only if the defendant is "fully aware of the direct consequences of his plea." Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986) (quotations omitted), cert. denied, 484 U.S. 870 (1987). The Nevada Supreme Court rejected Heimrich's contention on direct appeal that his plea had not been knowing and intelligent as a matter of state law because the trial court did not inform him on the record during the plea hearing that probation was not available to one convicted of first degree murder. Heimrich v. State, 630 P.2d 1224 (Nev.1981). We may not reexamine this determination on habeas review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (holding that a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States).
 
 
 9
 This circuit has not yet reached the question of whether the Due Process Clause requires that a court advise a defendant on the record during the plea hearing that he will be ineligible for probation. We need not do so here, because Heimrich has failed to allege facts sufficient to indicate that such a violation has occurred. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that the petitioner "set forth in summary form the facts supporting each of the grounds" underlying his petition. Thus, a habeas petitioner alleging that his plea was involuntary because he was not informed that he would be ineligible for parole must show, inter alia, that he was in fact unaware that he would be ineligible for parole, and that he would not have pled guilty if he had known of his ineligibility. Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Heimrich alleged in his petition only that "[t]he judge in his canvassing did not advise petitioner that Petitioner could not recieve [sic] probation." This is insufficient. Id.
 
 
 10
 It is quite plain that Heimrich understood from the court's advice that there was no possibility that he would receive a sentence of probation. The district court found that Heimrich in fact knew that if he pled guilty he would not receive probation, and this finding is not clearly erroneous. The trial court informed Heimrich during the plea hearing that he could be sentenced to a term of life imprisonment without possibility of parole, and Heimrich acknowledged in an affidavit filed in state court that he pled guilty believing that he could receive "anything from life without parole, down to five (5) years." He knew that he would not receive the more lenient sentence of probation. Thus, Heimrich's plea was voluntary and intelligent.
 
 B. The Validity of Heimrich's Sentence
 
 11
 Heimrich argues that the Nevada court lacked the authority to sentence him to life imprisonment without possibility of parole. A claim may be considered on habeas review only if the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b). If a state court rejects the petitioner's claims on the basis of a state procedural rule, then a federal court may examine those claims on habeas review only if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 12
 Heimrich filed a "Motion for Correction of an Illegal Sentence" in Nevada state court on May 31, 1990, arguing that the sentencing court exceeded its authority in sentencing him to life imprisonment without possibility of parole because (1) there is no punishment specifically prescribed for the crime of murder and that therefore his sentence could not have exceeded six years under Nev.Rev.Stat. § 193.130.2, and (2) he was convicted of second, rather than first, degree murder and therefore the maximum penalty was life with the possibility of parole after five years. His motion was denied by the state district court on August 22, 1990, and he filed an appeal in the Nevada Supreme Court on September 26, 1990. The court dismissed the appeal on jurisdictional grounds because it had been filed after the expiration of the thirty-day period prescribed by Nevada Rule 4(b). The second and third grounds of relief asserted in Heimrich's habeas petition parallel the assertions raised in the motion denied by the state district court.
 
 
 13
 Initially, Heimrich appears to argue that there was actually no procedural default at all, but rather that the Nevada courts failed to follow their own procedures in dismissing his appeal. He alleges that, on the day of the hearing at the conclusion of which the state district court denied his motion, and prior to the pronouncement of the court's decision, he (1) attempted to file an oral notice of appeal, and (2) attempted to file a written notice of appeal, which the judge "tore up" prior to the pronouncement of his decision. These contentions are meritless. First, the Nevada Rules of Appellate Procedure do not provide for the possibility of filing an oral notice of appeal. Second, although Heimrich correctly notes that an attempt to file a written notice of appeal after the pronouncement of the court's decision but prior to the entry of judgment is treated as filed on the day the judgment is entered, Nev.R.App.P. 4(b), the transcript of the hearing indicates that no attempt was made to file a notice of appeal during that time, and his own affidavit indicates that any attempt to file an appeal was made prior to the issuance of the judge's decision. Thus, neither of these purported attempts to file a notice of appeal were effective under Nevada law.
 
 
 14
 The Nevada Supreme Court's dismissal of Heimrich's appeal clearly rested on state procedural grounds, and therefore the adequate and independent state ground doctrine bars relitigation of the merits on habeas review absent a showing of cause and prejudice or that manifest injustice will result. Coleman, 111 S.Ct. at 2557-59. Heimrich cannot assert that his incarceration is "fundamentally unjust," because he makes no showing that he is "actually innocent" of the charge upon which he was convicted. Smith v. Murray, 477 U.S. 527, 537 (1986). Indeed, he admitted his participation in the crime during the plea hearing.
 
 
 15
 Heimrich does, however, assert that there was cause for his failure to comply with the Nevada procedure, and that he was prejudiced as a result. The existence of "cause" in this sense turns on "whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 111 S.Ct. at 2566. Interference by state officials would qualify as cause for procedural default. Id. "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to the defendant's "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982).
 
 
 16
 Heimrich fails to demonstrate cause for his failure to timely file his notice of appeal. He alleges that he filed a written notice of appeal pursuant to Administrative Directive 52-90 ("AD 52-90") at the prison law library within the thirty-day period, and that his failure to timely file in the district court as required by Nevada Rule 4(b) therefore resulted from the "false information" contained in the regulation. AD 52-90, which is apparently an internal Department of Prisons regulation rather than a part of the Nevada Administrative Code, requires that Nevada prisons maintain a log of all notices of appeal filed by inmates and place them in the outgoing mail on the day they are presented to the staff. Unfortunately for Heimrich, AD 52-90 does not alter Nevada Rule 4(b)'s mandate that the notice of appeal be filed in the district court within thirty days of the entry of the order appealed from. Thus, the filing was untimely, and AD 52-90 contains no "false information" that might support a showing of cause for Heimrich's failure to timely file his notice of appeal. In addition, Heimrich's own affidavit indicates that he filed his notice of appeal pursuant to AD 52-90 on September 22, 1990, thirty-one days after the entry of the order appealed from. Therefore, regardless of whether AD 52-90 contains "false information" which constitutes "interference by a state official," the default resulted from Heimrich's own lack of diligence. Heimrich's April 13 affidavit in the district court claims that he was confined in " 'red tag' protective custody" for approximately one week, and then in a "receiving unit" for three days, before he got to the law library. Interpreting his affidavit most favorably to Heimrich's position, and inferring that he had no access to the law library until he was released from the "receiving unit" into the general prison population, he still had about 19 days to prepare and file his notice of appeal, and has failed to show cause for his delay.
 
 C. The Validity of the Information
 
 17
 Heimrich argues for the first time on appeal that the information was constitutionally deficient because it failed to give him notice of the charges against him as required by the Sixth Amendment. We decline to reach the merits of this claim, because Heimrich failed to raise it below. United States v. Carlson, 900 F.2d 1346, 1349-50 (9th Cir.1990).
 
 
 18
 The district court's denial of the petition is AFFIRMED as to Heimrich's claim that his plea was involuntary, and is REMANDED WITH INSTRUCTIONS TO DISMISS as to Heimrich's claim that the state trial court lacked authority to sentence him to life imprisonment without possibility of parole.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3