PAUL ANTHONY SKINNER, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 25649

January 3, 1997                    930 P.2d 748

*Stephen G. Young,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City;
*Richard A. Gammick,* District Attorney, Washoe County, for
Respondent.

## OPINION

*Per Curiam:*

On October 17, 1992, appellant Paul Anthony Skinner pulled a
young woman into an area near some trash receptacles along the
Truckee River and attempted to penetrate her sexually with his
penis. He then demanded that she perform fellatio upon him.
While talking to the victim, Skinner picked up some change, the
victim's driver's license and an address book, all of which had
been dropped by the victim. Skinner allowed the victim to leave,

and the victim reported the incident to the police. Skinner was located and positively identified by the victim. Skinner was discovered to have the victim's driver's license and address book and approximately $2.25 in change.

On January 4, 1993, the state filed an information charging Skinner with sexual assault, attempted sexual assault and robbery. Skinner signed a guilty plea memorandum and pleaded guilty to sexual assault and robbery. In exchange for his guilty plea, the state agreed to dismiss the attempted sexual assault charge and agreed not to object to the sentence for robbery being concurrent with the sentence for sexual assault. The guilty plea memorandum did not mention that probation was not available for the crime of sexual assault.

On April 21, 1993, the district court sentenced Skinner to life for the sexual assault and a consecutive five-year term for the robbery. During the canvass, the district court failed to inform Skinner that sexual assault was not a probationable offense.

On October 18, 1993, Skinner filed a post-conviction petition for a writ of habeas corpus. The district court conducted an evidentiary hearing on February 23, 1994. On March 10, 1994, the district court entered its order denying Skinner's petition.

On appeal, Skinner contends that the district court erred by denying his petition. Specifically, Skinner argues that his guilty plea was defective because he was not informed that probation was not available for the crime of sexual assault.

This court has held that "[w]hether or not probation is available is critical to the defendant's understanding of the consequences of his guilty plea." Meyer v. State, 95 Nev. 885, 887, 603 P.2d 1066, 1067 (1979). Further, a guilty plea may be withdrawn where the defendant "was not informed, on the record, that probation is not available to one convicted of sexual assault." Id. at 886, 603 P.2d at 1066. If the record does not affirmatively show that the defendant was informed that probation was not available, the acceptance of the defendant's guilty plea is "fatally defective." Id. at 887, 603 P.2d at 1067.

In determining whether the defendant was informed that probation was not available, the reviewing court is not limited to examination of the plea canvass. For example, the defendant could be informed in the plea bargain memorandum, or at a pretrial hearing. However, it must affirmatively appear, somewhere in the record, that the defendant was so informed.

The state argues that Skinner knew that probation was not available because the plea agreement said that he understood that

he could be imprisoned for a period of not less than five years. This language in the plea agreement is insufficient because it does not affirmatively show that Skinner was informed that probation was not available. Further, an understanding that the minimum sentence for a crime is five years is very different from understanding that probation is not available. We therefore conclude that the state's argument is without merit.

In the instant case, the record does not show that Skinner was told that probation was not available for sexual assault. Acceptance of a guilty plea without the defendant being informed that probation is not available requires that the defendant be allowed to withdraw the guilty plea. Aswegan v. State, 101 Nev. 760, 761, 710 P.2d 83, 83 (1985). We conclude that pursuant to *Meyer* and *Aswegan*, the district court should have granted Skinner's petition and allowed him to withdraw his guilty plea. Accordingly, we reverse the order of the district court and remand this case for further proceedings consistent with this opinion.[1]

---

[1]Because we have concluded that the order of the district court must be reversed on the ground that Skinner was not informed that probation was not available for the crime of sexual assault, we need not consider Skinner's other contentions.