NO. 07-00-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 25, 2001

______________________________

LUTHER FOSTER, JR.,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 230th DISTRICT COURT OF HARRIS COUNTY;

NO. 822848; HON. BELINDA HILL, PRESIDING

_______________________________

Before QUINN, REAVIS, and JOHNSON, JJ.

Luther Foster, Jr. (appellant) appeals his conviction for aggravated robbery, 
i.e.
 stabbing a store owner with a knife while attempting to rob him.  He was so convicted via an open plea of guilty.  Furthermore, his five points of error concern whether 1) we have jurisdiction to hear the appeal, 2) the trial court abused its discretion in failing to 
sua sponte
 withdraw his plea of guilty, 3) he was denied the effective assistance of counsel, 4) the trial court abused its discretion in rejecting his application for probation, and 5) his sentence of 15 years imprisonment constituted cruel and unusual punishment.  We overrule each point and affirm.

Jurisdiction

Appellant initially queries whether we have jurisdiction over the appeal and then attempts to show why we do.  In other words, he posits that he did not waive his right to appeal simply because the written plea of guilty he executed contained the statement:   “ . . . I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.”  We agree with appellant for the simple reason that there was no plea agreement between the State and appellant.  Rather, appellant entered an open plea of guilty.  And, given that there was no plea agreement there could be no agreement which the trial court could accept and thereby cause appellant to lose his right to appeal.  Thus, appellant’s execution of the written plea of guilty did not deprive us of jurisdiction.

Failure to Sua Sponte Withdraw Guilty Plea

Next, appellant contends that the trial court erred because it did not 
sua sponte
 withdraw his plea of guilty once it heard evidence of his innocence.  The supposed evidence appeared in the pre-sentence report given the court after appellant 1) waived his right to a trial by jury, 2) judicially confessed to committing the offense with which he was charged, 3) received the admonishments required by Texas Code of Criminal Procedure art. 26.13, 4) represented that his plea was knowing and voluntary and that he was satisfied with the representation of his counsel, and 5) entered his plea of guilty.
(footnote: 1) Furthermore, in the pre-sentence report, appellant stated that he was intoxicated at the time, that his state of intoxication distorted his recollection of the incident, that he has no recollection of attempting to rob the store owner, and that he did not stab anyone.  

While appellant’s statements contained in the pre-sentence report could be viewed as exculpatory, the decision to permit him to withdraw his plea remained discretionary on the part of the court.  This is so because a trial court is no longer required to withdraw a plea of guilty when the plea was entered before it and after the defendant waived trial by jury.  
Thomas v. State
, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); 
Moon v. State
, 572 S.W.2d 681 (Tex. Crim. App. 1978).  So, given that appellant waived his right to a jury trial, pled guilty, received his statutory admonishments, and judicially confessed to the crime, we hold that the trial court did not abuse its discretion in failing to withdraw appellant’s plea of guilty.  
See Solis v. State
, 945 S.W.2d 300, 302-303 (Tex. App.–Houston [1
st
 Dist.] 1997, pet. ref’d).

Ineffective Assistance of Counsel

Next, appellant contends that his counsel was ineffective because he (counsel) “acquiesced in and allowed the appellant to enter a guilty plea to an offense he was not guilty of [sic].”
  This contention was not included in a motion for new trial for the record fails to show that such a motion was filed.  Nor does the record before us illustrate that appellant voiced it at anytime prior to his appeal.  Admittedly, this does not 
ipso facto
 preclude us from considering it.  However, because the issue was not asserted below, we have no evidentiary record describing the reasons, if any, motivating counsel’s decision, if any, for remaining silent.
  This circumstance is of great import because we must presume counsel’s actions were founded upon sound trial strategy until appellant proves otherwise.  
Tong v. State
, 25 S.W.3d 707, 712 (Tex. Crim. App.2000).  And, to rebut that presumption, evidence of what counsel’s strategy (if any) was is imperative.  
Id.
 at 713-14 (rejecting appellant’s claim of ineffectiveness because the record was silent as to why counsel failed to object).  

Furthermore, while at first blush one may wonder what sound strategy could motivate counsel to remain silent in the face of a guilty plea when his client allegedly professes his innocence, a myriad of reasons could exist which legitimately influenced counsel to stay his hand.  For instance, it could well be that the issue was addressed and resolved by counsel and appellant prior to sentencing.  Or, it could well be that appellant recanted the statements contained in the pre-sentence report.  Yet, because the allegation was neither asserted below nor developed through an evidentiary hearing, we are left to speculate about the why’s and wherefore’s surrounding the plea, counsel’s action, and the sentence.  And, because we are left to speculate about same, we cannot say that appellant presented us a record 1) sufficiently illustrating that his attorney was deficient and 2) requiring reversal.  
Jackson v. State
, 877 S.W.2d 768 (Tex. Crim. App.1994) (holding that an appellant has not satisfied his burden when he leaves the court to speculate about the motivations, if any, underlying counsel’s actions); 
Beck v. State
, 976 S.W.2d 265 (Tex. App.--Amarillo 1998, pet. ref’d).

Failure to Grant Probation

Next, appellant contends that the trial court abused its discretion when it denied his request for “deferred probation.”
(footnote: 2)  Furthermore, the abuse occurred because of the supposed “gross disparity in sentencing” appellant to 15 years imprisonment.  Yet, appellant cites us to no evidence of record illustrating any gross disparity between the punishment levied upon him and that levied upon others who committed violent crimes.  Nor does our own review of the record unveil such evidence.  

Similarly unmentioned by appellant is any explanation as to why one who inflicts a stab wound in the neck of another (which wound is four inches deep and five inches long) while committing a robbery 
ipso facto
 merits deferred adjudication community supervision.  Indeed, throughout his diatribe appellant never once addressed the violent (and potentially fatal) nature of his act and its repercussion upon his victim (as described in the pre-sentence report).  Unlike a dog and its bite, humans are not entitled to one free near-fatal stabbing upon another human.  Thus, without any explanation as to why the heinous crime in which appellant engaged should be treated as minor or why his special circumstances, if any, merit different treatment, we cannot accept his suggestion that he was 
ipso facto
 entitled to leniency simply because this was his first conviction for aggravated robbery with a deadly weapon. 

Finally, like the decision to grant probation, the decision to award deferred adjudication lies within the utter discretion of the trial court.  
Tex. Code Crim. Proc. 
art. 42.12, § 5(a); 
Reed v. State, 
644 S.W.2d 479, 483 (Tex. Crim. App. 1983).  And, to the extent that the decision to deny probation is not appealable (given its utterly discretionary nature), 
Nelson v. State
, 573 S.W.2d 9, 12 (Tex. Crim. App.1978), the decision to deny deferred adjudication is also beyond appellate review for the same reason.  
See Jones v. State, 
687 S.W.2d 114, 166 (Tex. Civ. App. – Corpus Christi 1985).

Cruel and Unusual Punishment

Lastly, appellant contends that his 15 year sentence constituted cruel and unusual punishment.  However, this argument was not mentioned below.  Thus, it was not preserved for appellate review.  
Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App.1996).  

Furthermore, the range of punishment which appellant faced was 5 to 99 years or life imprisonment.  
Tex. Pen. Code Ann.
 §§ 12.32, 29.03 (Vernon 1994).  Because his sentence of 15 years fell within that range and because the record lacks any evidence of disparity between it and other sentences levied for like crimes, it cannot be said that the punishment meted upon appellant was cruel and unusual.

Accordingly, we affirm the judgment entered below.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
The extent to which these same representations, admonishments, and waivers were made orally at the plea hearing is unknown for appellant also waived his right to have the hearing recorded or otherwise memorialized.  

2:
In referring to “deferred probation” we assume that he means deferred adjudication community supervision.