**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian L. DAVIS, Defendant–Appellant.**

**No. 00–10616.**

**D.C. No. CR–99–00219–LDG.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Brian L. Davis appeals his 135–month sentence, imposed following his guilty plea to possession and distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Davis contends that the district court miscalculated his sentence by including in his criminal history score a prior guilty plea conviction for domestic violence, treating it as a diversionary disposition under U.S.S.G. § 4A1.2(f). Because Davis failed to raise this claim below, we review for plain error. *United States v. Scrivner*, 114 F.3d 964, 966 (9th Cir.1997). We reject this contention because it lacks merit.

The uncontested presentence report reflects that as a result of Davis' prior guilty plea, he was sentenced to community service, two days in jail with credit for time served, counseling, a fine, and instructions to stay out of trouble for seven months. Sixteen months later, the guilty plea was withdrawn and the case was dismissed. Because nothing in the record establishes that Davis' conviction was set aside due to innocence or errors of law, or that it was expunged, we cannot say that the district court plainly erred in counting the domestic violence conviction as a diversionary disposition. U.S.S.G. § 4A1.2(f), cmt. n. 9 (stating that diversionary disposition resulting from finding or admission of guilt in a judicial proceeding is counted for sentencing purposes); *see Skinner v. State*, 113 Nev. 49, 930 P.2d 748, 749–50 (Nev. 1997) (permitting withdrawal of plea on grounds unrelated to innocence); *cf. United States v. Hayden*, 255 F.3d 768, 774 (9th Cir.2001) (concluding that California procedure by which defendants can withdraw guilty plea after successful completion of probation does not result in "expunged conviction").[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Nothing in this opinion prevents Davis from seeking to expunge the conviction in state court, then filing a motion in the district court to correct his sentence. *See United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir.1999) (as amended) (holding that "a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction").