**Merced RAMIREZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–173–CR.**

Court of Appeals of Texas, Corpus Christi.

June 2, 1983.

Jacobo G. Munoz, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant waived trial by jury and trial was before the court upon a plea of guilty. Punishment was assessed at five years' confinement in the Texas Department of Corrections.

Appellant, in a single point of error, complains that it was reversible error for the trial court to accept his plea of guilty with-

out fully admonishing him as to the consequences of his plea. Appellant argues that the trial court should have advised him that he would be ineligible for probation on his plea of guilty if he was thereafter convicted of aggravated robbery. He bases his contention and position upon Tex.Code Crim. Pro.Ann. art. 42.12 § 3f(a)(1)(E) (1979) which, in substance, provides that the trial judge is prohibited from granting probation to a defendant who is adjudged guilty of the offense of aggravated robbery.

The State first contends that even though the trial court could not grant probation to appellant if he were found guilty of aggravated robbery, there was nothing to prevent the trial court from finding him guilty of the lesser included offense of robbery. In such case, the State argues that appellant would have been eligible for probation under the terms of the art. 42.12. In the alternative, the State contends that there was substantial compliance with the provisions of Tex.Code Crim.Pro.Ann. art. 26.-13(c) (Supp.1982–1983) and that the appellant failed to affirmatively show that he was not aware of the consequences of his plea or was misled or harmed by the admonishment.

Appellant was indicted for aggravated robbery by indictment which was filed on February 13, 1981, which indictment charged that appellant, on or about February 4, 1981,

> "did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and knowingly threaten Marilyn Kinney with and place Marilyn Kinney in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm."

The cause proceeded to trial on January 19, 1982. On that day, appellant executed the following documents: 1) judicial confession and stipulation wherein he said: "I am pleading guilty to the offense of aggravated robbery because I am guilty ... on this day in open court I, Merced Ramirez, waive my right against self-incrimination and hereby judicially confess that on the 4th day of February, 1981, in Nueces County, Texas, I, did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property intentionally and knowingly threaten Marilyn Kinney with and place Marilyn Kinney in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm"; 2) election to have the court assess punishment; 3) sworn application for probation; 4) waiver of jury trial; 5) agreement to stipulate testimony whereby it was agreed by and between defendant, his counsel and the State's attorney that appellant "waives the appearance, confrontation and cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney ... and the defendant further concedes to the introduction of testimony by affidavits, written statements of witnesses and all other documentary evidence that may be introduced by the State."

Whereupon, appellant waived the reading of the indictment and the court advised him that the indictment charged him with the offense of aggravated robbery. When asked by the court how he pled to the indictment, he answered: "guilty." The court then asked appellant if he was "pleading guilty because you are guilty of aggravated robbery and for no other reasons?" Appellant answered: "Yes, sir." Thereafter the following verbal exchange took place between the court and the appellant:

> "THE COURT: The range of punishment for this offense is by a term of life or not less than five nor more than ninety-nine years in the Texas Department of Corrections and by a fine not to exceed $10,-000.00. In addition thereto, if you have made application for probation, you should be advised that your application may or may not be granted. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you still wish to enter a plea of guilty?
> THE DEFENDANT: Yes, sir."

The State then offered into evidence the judicial confession and stipulation, signed

and sworn to by the appellant, his attorney and by the State's attorney. No objection was made thereto by appellant and the judicial confession was admitted.

Appellant took the stand. He testified that he had judicially confessed to committing the robbery and that the same occurred on February 4, 1981. The place which was robbed was a Maverick Market located in Nueces County, Texas. Appellant stated that he used a thirty-eight caliber R.G. revolver, which had three or four bullets in it at the time of the robbery. He further testified that he and his companion "walked inside the store, Oscar was with me and I went up to the teller and I—just told the lady give me the money, pulled out the gun and Oscar went to go get some wine and then when he came back he went around the teller and got the money." The State then rested and counsel for appellant in response to an inquiry by the court stated: "Your Honor, we have no evidence on the issue of guilt."

Whereupon the court made the following statements:

"THE COURT: All right. Mr. Ramirez, if you will remain standing. Based on your testimony, based upon your plea of guilty, based upon your judicial confession, the court is going to find you guilty of the offense of aggravated robbery as alleged in the indictment; and the Court is going to set hearing on punishment for February the 1st, at 8:30 a.m. The Court is going to order a Presentence Investigation by the adult probation office. The bond will continue."

The hearing on punishment was held on February 1, 1982. At that time evidence was presented by the State. Marilyn Kinney and appellant both testified. In addition, the State introduced several documents which were part of the Presentence Investigation Report.

Sentence was pronounced in open court on February 2, 1982, and the judgment was signed on February 3, 1982. The judgment contains the following recitation:

"And the Court having heard all of the evidence submitted for the State and the Defendant and argument of counsel is of the opinion and so finds that the said Defendant is guilty of the *offense of aggravated robbery* committed on February 4, 1981." (Emphasis supplied).

Tex.Code Crim.Pro.Ann. art. 26.13(a), (c) (Supp.1982–1983), in pertinent part, provides:

"If the defendant pleads guilty ... he shall be admonished by the court of the consequences ..."

The Court of Criminal Appeals has consistently held that the provisions of art. 26.13 are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty and that such question may be raised at any time. *Ex Parte Battenfield,* 466 S.W.2d 569 (Tex.Cr.App.1971).

■ The "consequences of the plea," as used in the statute, has been interpreted by the Court of Criminal Appeals as meaning "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." *Alexander v. State,* 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956). Further, the admonishment cannot be supplied by inference, intendment or presumption, nor can the responsibility therefor be shifted from the court to counsel. *Ex Parte Battenfield,* supra.

■ Under Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(1)(E), appellant was ineligible for probation. The record in this case clearly demonstrates that appellant was seeking probation from the trial judge as illustrated by his application for probation and by the court's admonishment concerning probation. This is made all the more apparent when the testimony which was introduced at the hearing on punishment is considered. A review of appellant's testimony reveals that he pled "guilty" in anticipation that he had a chance of receiving probation. This is further emphasized by the fact that the court ordered a Presentence Investigation prior to the actual sentencing and we can only presume that this was done in order to determine whether the circumstances justified placing appellant on probation. As noted, the court advised appellant that his

application *"may or may not be granted."* (emphasis supplied). In the light of the language used by the court in its admonition, it can reasonably be held that appellant was influenced by the possibility of probation in the entering of his plea "guilty." The court made an affirmative finding in its judgment that the "defendant is guilty of the offense of aggravated robbery." Under the circumstances presented by the record, it was incumbent upon the court by virtue of Tex.Code Crim.Pro.Ann. art. 26.13, (Supp.1982–1983) to advise appellant that he was ineligible for probation if he were found guilty of the offense of aggravated robbery, as charged in the indictment. Appellant was not so advised.

A plea of guilty cannot be voluntary unless the defendant is fully advised by the court of the direct consequences of such plea. *Ex Parte Shuflin,* 528 S.W.2d 610, 615 (Tex.Cr.App.1975). One of the direct consequences of pleading guilty of aggravated robbery is to give up any chance of probation. We hold that under the circumstances here presented, we are not faced with a question of whether there was substantial compliance but with a situation of no compliance under Tex.Code Crim.Pro. Ann. art. 26.13(a), (c).

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for a new trial.