**Randy Lopez ESCALANTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–705CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1984.

Frumencio Reyes, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

JUNELL, Justice.

This is an appeal from a conviction for the offense of aggravated robbery pursuant to TEX.PENAL CODE ANN. § 29.03 (Vernon 1974). After the appellant changed his plea from not guilty to guilty, the court assessed punishment at twenty years confinement in the Texas Department of Corrections. We affirm.

Appellant initially pled not guilty on August 1, 1983. After the court determined that appellant understood English, the state formally read the indictment. The court accepted appellant's not guilty plea and set the case for trial at 1:30 p.m. that afternoon. When court reconvened that

afternoon, appellant changed his plea to guilty, signed a stipulation of evidence, and made a judicial confession.

The court asked appellant and his attorney almost 50 questions and gave appellant numerous admonishments. Among the questions the court asked were these:

(1) Do you understand what it is that you're alleged to have done, Mr. Escalante?

(2) Did [sic] you understand a person found guilty of the felony offense of aggravated robbery may be punished by confinement in the State penitentiary for life or for a term of years not less than five nor more than ninety-nine and fined up to ten thousand dollars? Do you understand that?

(3) And understanding that range of punishment, you persist in your plea of guilty?

(4) And if we go forward, it's the only trial you'll ever have? You understand that?

(5) Do you think he's [the trial attorney] a good lawyer for you?

In each case appellant answered yes. The court also questioned appellant's attorney, specifically asking whether he thought appellant understood his constitutionally protected rights and whether he waived them as a knowing, voluntary and intelligent surrender. The attorney answered affirmatively.

The court also carefully admonished appellant that he could receive life or ninety-nine years, that the burden was on the state to prove him guilty beyond a reasonable doubt, that he did not have to testify, that anyone accused of a crime has numerous constitutional rights and privileges. Satisfied that the plea was made voluntarily and knowingly, the court found appellant guilty as charged and deferred sentencing pending a Pre-Sentence Investigation. The case was reset until October 6, at which time the court was informed appellant wished to withdraw his guilty plea. A colloquy between appellant and the judge ensued, a portion of which follows:

THE COURT: Why [do you wish to withdraw your plea]?

. . . . .

THE DEFENDANT: Because I am not guilty of this crime. I did not commit it.

THE COURT: And why, sir, did you indicate to the Court otherwise?

. . . . .

THE DEFENDANT: Well, because Mr. Garrett [appellant's attorney] here told me if I plead guilty, you know, I could get off with some more probation.

. . . . .

THE COURT: And in spite of what the Court told you, you would rather take his word rather than the Court's? Did I ask you whether or not you had been promised anything by anybody?

THE DEFENDANT: Yes, sir.

THE COURT: And what did you tell me?

THE DEFENDANT: I said no.

THE COURT: Why did you tell me no?

. . . . .

THE DEFENDANT: Well, because I wanted to get this probation....

The judge denied appellant's request to withdraw his guilty plea and pronounced sentence.

Appellant urges two grounds of error, both contending his guilty plea was not made knowingly and voluntarily. His first ground alleges reliance upon the inaccurate advice of his attorney; the second is the trial court did not advise him that he was ineligible for probation.

In his first ground appellant alleges that the entry of his guilty plea could not have been made knowingly and voluntarily as he relied upon inaccurate legal advice given by his attorney. He claims that counsel told him he was eligible for probation even though one adjudged guilty of the offense of aggravated robbery cannot be considered for probation. *See* TEX.CODE CRIM.PROC.ANN. § 42.12B, § 3f(a)(1)(D) (Vernon Supp.1984). His attorney was present during the sentencing hearing but did not testify.

Appellant relies on the recent case of *Murphy v. State*, 663 S.W.2d 604 (Tex.App. —Houston [1st Dist.] 1983, no pet.) We find *Murphy v. State* and the instant case distinguishable. In *Murphy* the trial court made 34 findings of fact, five of which are reprinted below:

10. Satterwhite [defendant's trial attorney] sought a commitment from Judge Hearn of a "cap" of twenty years if the defendant entered a plea of guilty.

11. Judge Hearn refused to commit himself to any punishment stating it was against his policy.

17. On the day of trial, the prosecutor told the judge in annex court that he intended to try all three counts of the aggravated robbery indictment. Mr. Satterwhite erroneously believed that he had already obtained a severance of counts on that indictment. Mr. Satterwhite was not prepared to try the second and third counts of the indictment, and he so advised the court, the prosecutor and the defendant.

23. The primary reason that the defendant changed his plea from not guilty to no contest on the day of trial was because Mr. Satterwhite told him that the motion for severance had been denied, that he would have to try all three cases together (two of which he was unprepared to try), that a jury hearing evidence of three aggravated robberies would be likely to assess a term of life imprisonment, and that Judge Hearn had agreed to assess punishment at no more than twenty-five years.

33. The court sentenced the defendant to forty years in prison on the aggravated robberies and twenty years on the robberies. This was

five to twenty years more than Mr. Satterwhite had told the defendant he would receive, based on the trial court's alleged representations to him.

*Shepherd v. State*, 673 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1984) provides the standard of review for cases in which a defendant alleges his plea was induced by "significant misinformation." That standard, simply put, is whether appellant's claim that his plea was involuntary is supported by the record.

A review of the record in the instant case reveals no filing of a motion for probation as in *Ramirez v. State*, 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no pet.) and as in *Shepherd v. State, supra*. The First Court of Appeals in that well-reasoned opinion held, "We cannot presume the nature of an attorney's advice from the record of his conduct at trial without evidence to show the trial strategy originated with the attorney and was not the result of acquiescence to the client's wishes." *Shepherd, Id.* at 267. There, as in the instant case, approximately two months had elapsed between appellant's entry of a guilty plea and the actual sentencing. Many events could have transpired during the interval to have affected appellant's decision. Without conclusive support in the record we are not inclined to narrow the hypothetical list of events down to the single theory proposed in ground of error one, i.e. that appellant was misinformed by his attorney. Appellant's first ground of error is overruled.

Appellant, in his second ground of error, argues that his guilty plea was not entered knowingly and voluntarily because the court failed to advise him he was ineligible for probation. In support of this contention appellant relies on *Ramirez v. State, supra*. We find appellant's reliance misplaced. The *Ramirez* case also involved an appeal from a conviction of aggravated robbery. There, however, the trial court made this statement: "In addition ... [to

the range of punishment], if you have made application for probation, you should be advised that your application may or may not be granted." It also ordered that a Pre-Sentence Investigation be conducted *by the adult probation office.* (emphasis added). *Id.* at 320. The trial court later made an affirmative finding that the defendant was guilty of the offense of aggravated robbery. The Corpus Christi Court of Appeals held there had been no compliance with TEX.CODE CRIM.PRO.ANN. art. 26.-13(a), (c) (Vernon 1984) and was unwilling to supply the mandated admonishment regarding ineligibility for probation by inference, intendment or presumption.

We find the case at bar distinguishable from *Ramirez v. State* for three reasons:

(1) the appellant never filed an application for probation;

(2) the court never made any statement indicating appellant had any possibility of probation; and

(3) the court's ordering of a Pre-Sentence Investigation for appellant included no reference to any probation office or officer.

The standard of review in a case such as appellant's, outlined in *Shepherd v. State, supra,* consists simply of an examination of the record. Such an examination reveals no application for probation, no statements from the bench that could be construed as suggesting appellant had any chance of receiving probation, and no references from the bench to a probation office or officer.

While *Murphy v. State, supra,* held that it considered it to be the "better" practice for a trial court to admonish an applicant of ineligibility for probation when it becomes apparent to the court that said applicant falsely believes himself to be eligible, the record in *Murphy* was uncontroverted that the defendant, after filing a motion for probation, had relied on inaccurate advice regarding his chances of receiving such probation. We note that the general rule in this state still remains that there is no requirement that a defendant be informed of his ineligibility for probation.

*See Rodriguez v. State,* 509 S.W.2d 319, 321 (Tex.Crim.App.1974) and *Miles v. State,* 501 S.W.2d 91 (Tex.Crim.App.1973). Since the judge, after appellant's plea of guilty, had taken the case under advisement pending the pre-sentence investigation, his decision not to allow appellant to withdraw that plea at the beginning of the sentencing phase of the trial was strictly within his broad discretionary powers. *See Jackson v. State,* 590 S.W.2d 514 (Tex. Crim.App.1979). After carefully reviewing the extensive, diligent admonishments the court gave appellant upon the entry of the guilty plea and its lengthy questioning of appellant regarding his motivation to withdraw that plea, we find no abuse of discretion. We therefore overrule appellant's second ground of error.

The conviction is affirmed.