# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00120-CR
NO. 03-04-00121-CR

**Jose Angel Quiab, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 2031467 & 3030833, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court convicted appellant Jose Angel Quiab of attempted aggravated sexual assault and aggravated sexual assault and sentenced him to prison terms of twenty and thirty years, respectively. *See* Tex. Pen. Code Ann. § 15.01 (West 2003), § 22.021 (West Supp. 2005). In two points of error, appellant urges that his waiver of jury trial was not knowingly and voluntarily made because of an erroneous admonishment by the court.

Appellant is a citizen of Mexico who was living in this county unlawfully. He was represented at trial by a Spanish-speaking attorney and an interpreter was appointed. It was established at arraignment that appellant had refused the State's plea offer of ten years' imprisonment in both cases. Counsel told the court that appellant "would not accept anything but

10 years non-aggravated."[1]  When asked by the court for his plea, appellant began to discuss the

evidence and the State's withdrawn offer.  The following colloquy ensued:

THE COURT: . . . They had recommended before that you do 10 years.  You didn't want to do that, so they have withdrawn that offer.  You can plead guilty if you want to, and if you do want to do that, then we can have the jury come in to decide your sentence, or you can plead guilty and go before me alone and I can decide your sentence.  You can do it that way, too, or you can plead not guilty and we will have the trial either with the jury or with me.  Have you talked to your lawyer about this?

THE DEFENDANT: Yes.

THE COURT: You have explained to him that he cannot get probation with me if he's found guilty of that aggravated case?

MR. WEHNES: I have.

THE COURT: He could with the jury.  His citizenship right now is what?

MR. WEHNES: He's here illegally, Your Honor.

THE COURT: Okay.  So I don't think it is very likely in that situation that the jury would ever give you probation, if they were to find you guilty, in view of the fact that you are not here legally, and I am sure that INS is going to try to deport you.  And if you are deported, there is no way for you to comply with the conditions of probation, so I don't think a jury will give you probation.

---

[1] Counsel apparently had advised appellant of the adverse parole consequences arising from a conviction for aggravated sexual assault.  *See* Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2005), § 508.149(a)(8) (West 2004).

At any rate, you can either plead guilty or not guilty. You can either have a trial before me or the jury, either one. Whether you plead guilty or not guilty, it doesn't make any difference to me whichever one you do.

Appellant again attempted to discuss the evidence with the court, and he indicated his willingness to "plead guilty to 10 years if they drop the aggravated charge." A recess was taken to allow appellant and his attorney to confer.

After the recess, the court again asked appellant for his plea. Appellant replied, "If I state that I'm guilty, how much are you going to offer?" The court answered, "I don't know. I don't know anything about the facts of the case." Appellant then said, "Not guilty." After noting appellant's plea, the court asked counsel if he and appellant had conferred regarding the question of a jury or bench trial. Counsel replied, "Yes. My client signed this jury waiver. I'm not in full agreement, but it is his important choice." After obtaining appellant's acknowledgment that he had conferred with counsel and wished to waive trial by jury, the court accepted the pleas and the jury waiver, and the trial began later that day.

There is no dispute that appellant waived his right to jury trial in person in writing in open court, as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005). Appellant contends, however, that the waiver was involuntary because he was erroneously told by the trial court that he would not receive probation from a jury because he was in this country unlawfully. Appellant argues that although the trial court was not required to admonish him regarding his eligibility for probation, having undertaken to do so the court was obliged to give him accurate information. *See Ex parte Williams*, 704 S.W.2d 773, 777 (Tex. Crim. App. 1986) (holding

3

that erroneous admonishment that defendant was eligible for court-ordered probation rendered guilty plea involuntary).

Contrary to appellant's contention, the trial court did not tell him that he would not receive probation from a jury. What the court told appellant was that a jury could give him probation, but was unlikely to do so given his immigration status. Moreover, defense counsel stated on the record that he had informed appellant that the trial court was not permitted to give probation for aggravated sexual assault. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E) (West Supp. 2005). Counsel also made it clear that he had attempted to dissuade appellant from waiving his right to a jury trial, and it is reasonable to assume that in doing so he informed appellant that his only hope for probation was a jury recommendation.

Appellant relies on the opinion in *Ramirez v. State*, 655 S.W.2d 319, 321-22 (Tex. App.—Corpus Christi 1983, no pet.). In that case, the defendant waived trial by jury and pleaded guilty to aggravated robbery after being admonished by the trial court that he would be eligible for probation. *Id*. at 320. In fact, aggravated robbery is another offense for which a trial court cannot grant probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F). The appellate court held that the trial court's erroneous admonishment rendered the guilty plea involuntary because it was clear from the record that the defendant was seeking probation from the court. *Ramirez*, 655 S.W.2d at 321.

*Ramirez* is distinguishable from this case in two respects. First, appellant pleaded not guilty and thus the statutory duty to admonish was not invoked. *See* Tex. Code Crim. Proc. Ann. art.

4

26.13 (West Supp. 2005). Second, there was no affirmative misstatement of the law by the court in this cause.

The record before us shows that appellant understood his right to a jury trial and waived it after being advised by counsel of the effect the waiver would have on his eligibility for probation. Appellant's decision to execute the jury waiver in the face of this advice demonstrates that probation was not an important factor in appellant's decision. We conclude that on this record, the trial court's remarks did not render the jury waiver involuntary.

The points of error are overruled and the judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   January 12, 2006

Do Not Publish

5