TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00120-CR


NO. 03-04-00121-CR






Jose Angel Quiab, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NOS. 2031467 & 3030833, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



The district court convicted appellant Jose Angel Quiab of attempted aggravated
sexual assault and aggravated sexual assault and sentenced him to prison terms of twenty and thirty
years, respectively. See Tex. Pen. Code Ann. § 15.01 (West 2003), § 22.021 (West Supp. 2005). 
In two points of error, appellant urges that his waiver of jury trial was not knowingly and voluntarily
made because of an erroneous admonishment by the court.

Appellant is a citizen of Mexico who was living in this county unlawfully. He was
represented at trial by a Spanish-speaking attorney and an interpreter was appointed. It was
established at arraignment that appellant had refused the State's plea offer of ten years'
imprisonment in both cases. Counsel told the court that appellant "would not accept anything but
10 years non-aggravated." (1) When asked by the court for his plea, appellant began to discuss the
evidence and the State's withdrawn offer. The following colloquy ensued:


THE COURT: . . . They had recommended before that you do 10
years. You didn't want to do that, so they have
withdrawn that offer. You can plead guilty if you
want to, and if you do want to do that, then we can
have the jury come in to decide your sentence, or
you can plead guilty and go before me alone and I
can decide your sentence. You can do it that way,
too, or you can plead not guilty and we will have
the trial either with the jury or with me. Have you
talked to your lawyer about this?


THE DEFENDANT: Yes.


THE COURT: You have explained to him that he cannot get
probation with me if he's found guilty of that
aggravated case?


MR. WEHNES: I have.


THE COURT: He could with the jury. His citizenship right now
is what?


MR. WEHNES: He's here illegally, Your Honor.


THE COURT: Okay. So I don't think it is very likely in that
situation that the jury would ever give you
probation, if they were to find you guilty, in view
of the fact that you are not here legally, and I am
sure that INS is going to try to deport you. And if
you are deported, there is no way for you to comply
with the conditions of probation, so I don't think a
jury will give you probation.


 At any rate, you can either plead guilty or not
guilty. You can either have a trial before me or the
jury, either one. Whether you plead guilty or not
guilty, it doesn't make any difference to me
whichever one you do.



Appellant again attempted to discuss the evidence with the court, and he indicated his willingness
to "plead guilty to 10 years if they drop the aggravated charge." A recess was taken to allow
appellant and his attorney to confer.

After the recess, the court again asked appellant for his plea. Appellant replied, "If
I state that I'm guilty, how much are you going to offer?" The court answered, "I don't know. I
don't know anything about the facts of the case." Appellant then said, "Not guilty." After noting
appellant's plea, the court asked counsel if he and appellant had conferred regarding the question of
a jury or bench trial. Counsel replied, "Yes. My client signed this jury waiver. I'm not in full
agreement, but it is his important choice." After obtaining appellant's acknowledgment that he had
conferred with counsel and wished to waive trial by jury, the court accepted the pleas and the jury
waiver, and the trial began later that day.

There is no dispute that appellant waived his right to jury trial in person in writing
in open court, as required by statute. See Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005). 
Appellant contends, however, that the waiver was involuntary because he was erroneously told by
the trial court that he would not receive probation from a jury because he was in this country
unlawfully. Appellant argues that although the trial court was not required to admonish him
regarding his eligibility for probation, having undertaken to do so the court was obliged to give him
accurate information. See Ex parte Williams, 704 S.W.2d 773, 777 (Tex. Crim. App. 1986) (holding
that erroneous admonishment that defendant was eligible for court-ordered probation rendered guilty
plea involuntary).

Contrary to appellant's contention, the trial court did not tell him that he would not
receive probation from a jury. What the court told appellant was that a jury could give him
probation, but was unlikely to do so given his immigration status. Moreover, defense counsel stated
on the record that he had informed appellant that the trial court was not permitted to give probation
for aggravated sexual assault. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E) (West Supp.
2005). Counsel also made it clear that he had attempted to dissuade appellant from waiving his right
to a jury trial, and it is reasonable to assume that in doing so he informed appellant that his only hope
for probation was a jury recommendation.

Appellant relies on the opinion in Ramirez v. State, 655 S.W.2d 319, 321-22 (Tex.
App.--Corpus Christi 1983, no pet.). In that case, the defendant waived trial by jury and pleaded
guilty to aggravated robbery after being admonished by the trial court that he would be eligible for
probation. Id. at 320. In fact, aggravated robbery is another offense for which a trial court cannot
grant probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F). The appellate court held
that the trial court's erroneous admonishment rendered the guilty plea involuntary because it was
clear from the record that the defendant was seeking probation from the court. Ramirez, 655 S.W.2d
at 321.

Ramirez is distinguishable from this case in two respects. First, appellant pleaded not
guilty and thus the statutory duty to admonish was not invoked. See Tex. Code Crim. Proc. Ann. art.
26.13 (West Supp. 2005). Second, there was no affirmative misstatement of the law by the court in
this cause.

The record before us shows that appellant understood his right to a jury trial and
waived it after being advised by counsel of the effect the waiver would have on his eligibility for
probation. Appellant's decision to execute the jury waiver in the face of this advice demonstrates
that probation was not an important factor in appellant's decision. We conclude that on this record,
the trial court's remarks did not render the jury waiver involuntary.

The points of error are overruled and the judgments of conviction are affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: January 12, 2006

Do Not Publish
1. Counsel apparently had advised appellant of the adverse parole consequences arising from a
conviction for aggravated sexual assault. See Tex. Gov't Code Ann. § 508.145(d) (West Supp.
2005), § 508.149(a)(8) (West 2004).