

NUMBER 13-09-00187-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN VILLARREAL,                                              Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Garza

Appellant, Juan Villarreal, was convicted of twelve counts of aggravated sexual assault of a child, a first-degree felony, and two counts of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021 (Vernon Supp. 2009). Villarreal entered "open" pleas of guilty to each count and was sentenced to life imprisonment for each of the aggravated sexual assault counts and ten years' imprisonment for both indecency with a child counts, with the sentences to run concurrently. By a single issue, Villarreal contends that his guilty pleas were involuntary because the trial court failed to admonish him that he was ineligible for community supervision. We affirm.

### I. BACKGROUND

Villarreal was indicted by a Nueces County grand jury on November 28, 2008. On

March 6, 2009, Villarreal entered pleas of guilty as to all counts and filed a "Motion for Community Supervision," which stated in part as follows:

> I request that the Court defer further proceedings in my case and not enter a finding or judgment of guilt. If the Court grants my request, I understand that I will be on community supervision without a finding of guilty [sic]. I also understand that if I violate any condition of my community supervision, I may be arrested and returned to this Court for a hearing, and the Court may revoke my community supervision, find me guilty and sentence me up to the maximum term of punishment for the offense to which I entered by plea. . . .

Villarreal also signed a form advising him as to the various consequences of his guilty pleas, which included the following admonishments:

> **Community Supervision.** If you filed a motion for community supervision (formerly known as probation), you must state under oath whether you have ever before been convicted of a felony or placed on felony community supervision or probation in this State, any other State, or by the United States; if you have a prior criminal record, then you must disclose any prior felony conviction or community supervision or probation. The Court will consider your motion for community supervision, but there is no guarantee that the Court will place you on community supervision; the Court will make its own decision whether to place you on community supervision, regardless of any recommendations made by the State or your attorney. . . .
>
> **Deferred Adjudication.** If you request that the Court defer adjudication in your case and if the Court grants your request, the Court will find that the evidence substantiates your guilt for the offense to which you entered your plea, will defer an adjudication of guilt, and will place you on community supervision. If you successfully complete the period of community supervision, this cause will be dismissed and you will have no conviction. . . .
>
> **Period of Community Supervision in Sex Offense Cases.** In a case involving the offense of indecency with a child, sexual assault or aggravated sexual assault, at any time during the original period of community supervision, the Court may extend the period of supervision for an additional 10 Years for a maximum total of 20 Years, if it is shown that the defendant has not sufficiently demonstrated a commitment to avoid future criminal behavior and that the release of the defendant from community supervision would endanger the public. . . .
>
> **If No Motion for Community Supervision.** If you do not file a motion for community supervision, then if you are found guilty, your punishment shall be a definite term of imprisonment or confinement and possibly a fine. . . .

Villarreal signed his initials next to the following statement:

> I have requested that the Court defer further proceedings on my case without entering an adjudication of guilt and place me on community supervision. I understand that if I violate a condition of my community supervision, I may be arrested, detained in jail and returned to Court for a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the charge [to which] I entered my plea of guilty . . . .

2

He did not, however, sign his initials next to this statement:

> I have filed a motion for community supervision (also known as probation). I understand that the Court is not required to place me on community supervision. I also understand that the conditions of community supervision are not negotiable in plea bargaining, and that the Court can impose conditions of community supervision (such as confinement in a county jail or a state jail or placement in a corrections, treatment or other residential facility) that the Court feels may be appropriate regardless of whether I agree. . . .

The trial court accepted the guilty pleas, found Villarreal guilty, and certified Villarreal's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). After hearing testimony as to punishment,[1] the trial court sentenced Villarreal to life imprisonment for each of the twelve aggravated sexual assault counts and ten years' imprisonment for both of the indecency with a child counts. This appeal followed.

## II. DISCUSSION

A trial court must, prior to accepting a guilty plea, admonish the defendant as to the applicable range of punishment, as well as to other consequences of the plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp. 2009). The "range of punishment" that must be included in this admonishment does not include community supervision; that is, the trial court is under no duty to advise the defendant as to his eligibility for community supervision. *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); *Pena v. State*, 132 S.W.3d 663, 665 (Tex. App.–Corpus Christi 2004, no pet.).

However, it is error for the trial court to improperly admonish as to community supervision when (1) a defendant is in fact ineligible for community supervision, and (2) it is apparent from the record that the defendant is seeking community supervision. *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985); *Ramirez v. State*, 655 S.W.2d 319, 321-22 (Tex. App.–Corpus Christi 1983, no pet.); *see also Valdez v. State*, No. 01-00-01217-CR, 2002 Tex. App. LEXIS 1902, at *10-11 (Tex. App.–Houston [1st Dist.] Mar. 14, 2002, no pet.) (not designated for publication). Here, as the State acknowledges, the record clearly shows that Villarreal sought community supervision. The sole question for

---

[1] Specifically, Villarreal presented the testimony of his mother, his step-daughter, and a licensed psychologist specializing in sex offender treatment, each advocating that the trial court impose community supervision as Villarreal's punishment.

this Court, therefore, is whether Villarreal was in fact ineligible for community supervision.

In general, community supervision is not available to defendants actually convicted of aggravated sexual assault.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E) (Vernon Supp. 2009).  However, a trial court does have the discretion to place defendants charged with aggravated sexual assault on deferred-adjudication community supervision. *See id.* § 5(a) (Vernon Supp. 2009).

In 2007, the Texas Legislature amended article 42.12 of the code of criminal procedure to provide that deferred-adjudication community supervision is, in fact, not available for defendants charged with certain crimes, including those charged under subsection (f) of the aggravated sexual assault statute.  Act of June 15, 2007, 80th Leg., R.S., ch. 593, § 1.07, 2007 TEX. SESS. LAW SERV. 1122, 1125-26 (Vernon) (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B)).  Subsection (f) of the aggravated assault statute, enacted by the same 2007 legislation, provides increased penalties for defendants convicted of aggravated sexual assault where the victim was less than six years of age at the time the offense was committed.[2]  *See* TEX. PENAL CODE ANN. § 22.021(f).

The legislation provided that its changes to existing law apply only "to an offense committed on or after September 1, 2007.  An offense committed before September 1, 2007, is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose."  Act of June 15, 2007, ch. 593, § 4.01, 2007 TEX. SESS. LAW SERV. at 1150.  Villarreal was therefore eligible for deferred-adjudication community supervision with respect to all counts alleging that the offense occurred before

---

[2] The statute states specifically that:

The minimum term of imprisonment for an offense under [section 22.021 of the penal code] is increased to 25 years if:

(1)     the victim of the offense is younger than six years of age at the time the offense is committed; or

(2)     the victim of the offense is younger than 14 years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A).

TEX. PENAL CODE ANN. § 22.021(f) (Vernon Supp. 2009).  Subsection (a)(2)(A) of section 22.021 lists various aggravating factors not applicable to the charges against Villarreal.  *See id.* § 22.021(a)(2)(A).

September 1, 2007.

In the instant case, only one of the aggravated sexual assault counts against Villarreal alleged that the charged offense occurred on or after September 1, 2007. Specifically, count six of the indictment alleged that Villarreal, on or about August 15, 2008, intentionally and knowingly caused his sexual organ to contact or penetrate the mouth of the victim, and the victim was, at the time, younger than fourteen years of age and not Villarreal's spouse. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(ii), (a)(1)(B)(v), (a)(2)(B). However, it is undisputed that the date of birth of the victim is November 11, 1998. Therefore, at the time of Villarreal's August 15, 2008 offense, the victim was over six years of age, and subsection (f) of the aggravated assault statute was not applicable. *See id.* § 22.021(f); Act of June 15, 2007, ch. 593, § 4.01, 2007 TEX. SESS. LAW SERV. at 1150. Because subsection (f) was not applicable, Villarreal was eligible for deferred-adjudication community supervision for count six of the indictment.[3]

We conclude that, because Villarreal was in fact eligible for community supervision under the applicable law, the trial court did not err in its admonishments. *See Ex parte Williams*, 704 S.W.2d at 775. Villarreal's sole issue is overruled.

## III. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of May, 2010.

_____

[3] We note that the trial court did admonish Villarreal as to the possibility of post-conviction community supervision which was and is impermissible for defendants convicted of aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E) (Vernon Supp. 2009). However, an examination of the record as set forth above—including Villarreal's "Motion for Community Supervision" and his initialing of certain paragraphs within the trial court's admonishment form—reveals clearly that Villarreal sought deferred-adjudication community supervision, not post-adjudication community supervision. In any event, Villarreal does not contend on appeal that the trial court erred in admonishing him as to post-conviction community supervision.