NUMBER 13-09-00187-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JUAN VILLARREAL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza



 Appellant, Juan Villarreal, was convicted of twelve counts of aggravated sexual
assault of a child, a first-degree felony, and two counts of indecency with a child, a
second-degree felony. See Tex. Penal Code Ann. §§ 21.11, 22.021 (Vernon Supp. 2009). 
Villarreal entered "open" pleas of guilty to each count and was sentenced to life
imprisonment for each of the aggravated sexual assault counts and ten years'
imprisonment for both indecency with a child counts, with the sentences to run
concurrently. By a single issue, Villarreal contends that his guilty pleas were involuntary
because the trial court failed to admonish him that he was ineligible for community
supervision. We affirm.

I. Background

 Villarreal was indicted by a Nueces County grand jury on November 28, 2008. On
March 6, 2009, Villarreal entered pleas of guilty as to all counts and filed a "Motion for
Community Supervision," which stated in part as follows:

I request that the Court defer further proceedings in my case and not enter
a finding or judgment of guilt. If the Court grants my request, I understand
that I will be on community supervision without a finding of guilty [sic]. I also
understand that if I violate any condition of my community supervision, I may
be arrested and returned to this Court for a hearing, and the Court may
revoke my community supervision, find me guilty and sentence me up to the
maximum term of punishment for the offense to which I entered by plea. . . .


Villarreal also signed a form advising him as to the various consequences of his guilty
pleas, which included the following admonishments:

Community Supervision. If you filed a motion for community supervision
(formerly known as probation), you must state under oath whether you have
ever before been convicted of a felony or placed on felony community
supervision or probation in this State, any other State, or by the United
States; if you have a prior criminal record, then you must disclose any prior
felony conviction or community supervision or probation. The Court will
consider your motion for community supervision, but there is no guarantee
that the Court will place you on community supervision; the Court will make
its own decision whether to place you on community supervision, regardless
of any recommendations made by the State or your attorney. . . .


Deferred Adjudication. If you request that the Court defer adjudication in
your case and if the Court grants your request, the Court will find that the
evidence substantiates your guilt for the offense to which you entered your
plea, will defer an adjudication of guilt, and will place you on community
supervision. If you successfully complete the period of community
supervision, this cause will be dismissed and you will have no conviction. . . .


Period of Community Supervision in Sex Offense Cases. In a case
involving the offense of indecency with a child, sexual assault or aggravated
sexual assault, at any time during the original period of community
supervision, the Court may extend the period of supervision for an additional
10 Years for a maximum total of 20 Years, if it is shown that the defendant
has not sufficiently demonstrated a commitment to avoid future criminal
behavior and that the release of the defendant from community supervision
would endanger the public. . . .


If No Motion for Community Supervision. If you do not file a motion for
community supervision, then if you are found guilty, your punishment shall
be a definite term of imprisonment or confinement and possibly a fine. . . .


Villarreal signed his initials next to the following statement:

I have requested that the Court defer further proceedings on my case without
entering an adjudication of guilt and place me on community supervision. I
understand that if I violate a condition of my community supervision, I may
be arrested, detained in jail and returned to Court for a hearing limited to a
determination by the Court of whether to proceed with an adjudication of guilt
on the charge [to which] I entered my plea of guilty . . . .


He did not, however, sign his initials next to this statement:

I have filed a motion for community supervision (also known as probation). 
I understand that the Court is not required to place me on community
supervision. I also understand that the conditions of community supervision
are not negotiable in plea bargaining, and that the Court can impose
conditions of community supervision (such as confinement in a county jail or
a state jail or placement in a corrections, treatment or other residential
facility) that the Court feels may be appropriate regardless of whether I
agree. . . .


The trial court accepted the guilty pleas, found Villarreal guilty, and certified Villarreal's right
to appeal. See Tex. R. App. P. 25.2(a)(2). After hearing testimony as to punishment, (1) the
trial court sentenced Villarreal to life imprisonment for each of the twelve aggravated sexual
assault counts and ten years' imprisonment for both of the indecency with a child counts. 
This appeal followed.

II. Discussion

 A trial court must, prior to accepting a guilty plea, admonish the defendant as to the
applicable range of punishment, as well as to other consequences of the plea. Tex. Code
Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2009). The "range of punishment" that must
be included in this admonishment does not include community supervision; that is, the trial
court is under no duty to advise the defendant as to his eligibility for community
supervision. Ex parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Pena v.
State, 132 S.W.3d 663, 665 (Tex. App.-Corpus Christi 2004, no pet.).

 However, it is error for the trial court to improperly admonish as to community
supervision when (1) a defendant is in fact ineligible for community supervision, and (2) it
is apparent from the record that the defendant is seeking community supervision. Harrison
v. State, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985); Ramirez v. State, 655 S.W.2d 319,
321-22 (Tex. App.-Corpus Christi 1983, no pet.); see also Valdez v. State, No. 01-00-01217-CR, 2002 Tex. App. LEXIS 1902, at *10-11 (Tex. App.-Houston [1st Dist.] Mar. 14,
2002, no pet.) (not designated for publication). Here, as the State acknowledges, the
record clearly shows that Villarreal sought community supervision. The sole question for
this Court, therefore, is whether Villarreal was in fact ineligible for community supervision.

 In general, community supervision is not available to defendants actually convicted
of aggravated sexual assault. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E)
(Vernon Supp. 2009). However, a trial court does have the discretion to place defendants
charged with aggravated sexual assault on deferred-adjudication community supervision. 
See id. § 5(a) (Vernon Supp. 2009).

 In 2007, the Texas Legislature amended article 42.12 of the code of criminal
procedure to provide that deferred-adjudication community supervision is, in fact, not
available for defendants charged with certain crimes, including those charged under
subsection (f) of the aggravated sexual assault statute. Act of June 15, 2007, 80th Leg.,
R.S., ch. 593, § 1.07, 2007 Tex. Sess. Law Serv. 1122, 1125-26 (Vernon) (codified at Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(d)(3)(B)). Subsection (f) of the aggravated assault
statute, enacted by the same 2007 legislation, provides increased penalties for defendants
convicted of aggravated sexual assault where the victim was less than six years of age at
the time the offense was committed. (2) See Tex. Penal Code Ann. § 22.021(f).

 The legislation provided that its changes to existing law apply only "to an offense
committed on or after September 1, 2007. An offense committed before September 1,
2007, is covered by the law in effect when the offense was committed, and the former law
is continued in effect for that purpose." Act of June 15, 2007, ch. 593, § 4.01, 2007 Tex.
Sess. Law Serv. at 1150. Villarreal was therefore eligible for deferred-adjudication
community supervision with respect to all counts alleging that the offense occurred before
September 1, 2007.

 In the instant case, only one of the aggravated sexual assault counts against
Villarreal alleged that the charged offense occurred on or after September 1, 2007. 
Specifically, count six of the indictment alleged that Villarreal, on or about August 15, 2008,
intentionally and knowingly caused his sexual organ to contact or penetrate the mouth of
the victim, and the victim was, at the time, younger than fourteen years of age and not
Villarreal's spouse. See Tex. Penal Code Ann. § 22.021(a)(1)(A)(ii), (a)(1)(B)(v), (a)(2)(B). 
However, it is undisputed that the date of birth of the victim is November 11, 1998. 
Therefore, at the time of Villarreal's August 15, 2008 offense, the victim was over six years
of age, and subsection (f) of the aggravated assault statute was not applicable. See id. §
22.021(f); Act of June 15, 2007, ch. 593, § 4.01, 2007 Tex. Sess. Law Serv. at 1150. 
Because subsection (f) was not applicable, Villarreal was eligible for deferred-adjudication
community supervision for count six of the indictment. (3)

 We conclude that, because Villarreal was in fact eligible for community supervision
under the applicable law, the trial court did not err in its admonishments. See Ex parte
Williams, 704 S.W.2d at 775. Villarreal's sole issue is overruled.

III. Conclusion

 We affirm the judgment of the trial court.


 ________________________

 DORI CONTRERAS GARZA,

 Justice


Do Not Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the 

20th day of May, 2010.
1. Specifically, Villarreal presented the testimony of his mother, his step-daughter, and a licensed
psychologist specializing in sex offender treatment, each advocating that the trial court impose community
supervision as Villarreal's punishment.
2. The statute states specifically that:


The minimum term of imprisonment for an offense under [section 22.021 of the penal code]
is increased to 25 years if:


(1) the victim of the offense is younger than six years of age at the time the offense is
committed; or


(2) the victim of the offense is younger than 14 years of age at the time the offense is
committed and the actor commits the offense in a manner described by Subsection
(a)(2)(A).


Tex. Penal Code Ann. § 22.021(f) (Vernon Supp. 2009). Subsection (a)(2)(A) of section 22.021 lists various
aggravating factors not applicable to the charges against Villarreal. See id. § 22.021(a)(2)(A).
3. We note that the trial court did admonish Villarreal as to the possibility of post-conviction community
supervision which was and is impermissible for defendants convicted of aggravated sexual assault. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E) (Vernon Supp. 2009). However, an examination of the record
as set forth above--including Villarreal's "Motion for Community Supervision" and his initialing of certain
paragraphs within the trial court's admonishment form--reveals clearly that Villarreal sought deferred-adjudication community supervision, not post-adjudication community supervision. In any event, Villarreal
does not contend on appeal that the trial court erred in admonishing him as to post-conviction community
supervision.