RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0452-ME

J.K.V., SR.                                                                       APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 24-AD-00028

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; J.K.V., JR., A
MINOR CHILD; AND M.R.V.                                        APPELLEES

AND

NO. 2025-CA-0453-ME

J.K.V., SR.                                                                       APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 24-AD-00029

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; M.R.V.; AND
R.J.V., A MINOR CHILD                                               APPELLEES

\*\* \*\* \*\* \*\* \*\*

BEFORE:  ECKERLE, McNEILL, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  In this consolidated appeal, J.K.V., Sr., ("Father")

appeals the judgment of the Logan County Circuit Court which granted the Petition

for Involuntary Termination of Parental Rights ("TPR") filed by the Appellee, the

Cabinet for Health and Human Services (the "Cabinet").  The circuit court

terminated Father's parental rights to J.K.V., Jr., and R.J.V., both of whom are

minor children.  Father's counsel commenced the appeal on his behalf and has

filed a brief in compliance with *A.C. v. Cabinet for Health and Family Services*,

362 S.W.3d 361 (Ky. App. 2012), and *Anders v. California*, 386 U.S. 738 (1967).

The *Anders* brief concedes that there are no meritorious or nonfrivolous issues that

could be raised.  Counsel also filed a motion to withdraw.  Father did not file a

supplemental *pro se* brief as afforded under *A.C.*, 362 S.W.3d at 371.  After a

careful review of the record, the relevant law, and the briefs filed, we Affirm.

Additionally, we grant the motion of Father's counsel to withdraw by separate

Order.

## **BACKGROUND**

J.K.V., Jr., is a male child born in September 2009, while R.J.V., is a

male child born in February 2011.  While Father was incarcerated in Michigan, the

Cabinet filed a Petition for Termination of Parental Rights against Father and M.R.V. ("Mother"). Trial on the termination of Father's parental rights was held on February 14, 2025, and the Logan County Circuit Court entered Findings of Fact and Conclusions of Law and an Order of Judgment Terminating Parental Rights on March 5, 2025.

The court heard testimony from Megan Allen, a social worker with the Cabinet, that the Cabinet became involved with the family in 2023. Prior to the Cabinet's involvement, the family was living in Michigan and working with Child Protective Services in that state out of concerns related to substance abuse and domestic violence between the parents. Subsequently, a case plan was negotiated and Father was granted sole custody of the children in 2015.

In April 2023, Father was arrested for a domestic violence incident involving J.K.V., Jr., and resisting arrest. While incarcerated in Michigan, Father signed a power of attorney for the children to a family friend, C.C., who lived in Kentucky. Father was incarcerated until June 2024, when he entered a no contest plea. Father's testimony was that he had a nervous breakdown while incarcerated and was found incompetent to stand trial for much of his incarceration. Father also testified that he was eventually diagnosed with bipolar disorder.

In May 2023, the Cabinet became involved with the family after Michigan Child Protective Services requested a courtesy check of the children

living with C.C. Then, in August 2023, the Cabinet received a referral that J.K.V., Jr., was participating in drug activity. While investigating this referral, the Cabinet learned that the children were living with Mother, who failed to take J.K.V., Jr., to dental appointments or assist C.C. in enrolling them in school. On November 2, 2023, a pre-trial hearing was held in J.K.V., Jr.'s drug possession case, and it was discovered by the Cabinet that a registered sex offender was living in Mother's home. Consequently, the district court granted temporary custody of J.K.V., Jr., to the Cabinet. The following day, the Cabinet filed a removal petition for R.J.V., which was also granted shortly thereafter by the district court. The Logan Circuit Court heard testimony from Allen that both children have been in the custody of the Cabinet since November 2023. Additionally, the natural Mother stipulated to a finding of abuse or neglect on February 1, 2024, and the children were committed to the Cabinet.

Following the termination of Mother's parental rights, the Cabinet conducted an absent parent search to locate Father and reached out to C.C. for Father's contact information. C.C., however, reported she had no information on how to contact Father and the absent parent search yielded no leads. Allen testified that a certified letter was mailed from the Cabinet to Father on August 9, 2024, and a green receipt card, signed with Father's name, was received on August 27, 2024. Additionally, in September 2024, a Warning Order Attorney utilized a letter to

effectuate Father's notice of the TPR action, and Father acknowledged receipt. However, Father failed to follow up with the Cabinet regarding the TPR proceeding. On the original date of trial, November 22, 2024, Father requested and was granted a continuance. Despite having three additional months, Father still made no attempt to contact the Cabinet until he returned a call on February 6, 2025, that Allen had initiated. No further progress or updates by Father were documented prior to the trial commencing on February 14, 2025.

At the trial, Father testified to the materially important fact that a condition of his probation required him to have no contact with his children. Allen testified she was unaware of any other services the Cabinet could provide or refer the Father to that would allow for safe reunification. She also conveyed that neither child wants to be reunified with Father. Allen concluded that in her professional opinion, termination was appropriate and in the children's best interest.

## **STANDARD OF REVIEW**

The Court of Appeals reviews the orders of a family court to terminate a parent's rights for clear error or, in other words, such a decision will not be set aside unless there is no substantial, clear, and convincing evidence to support the lower court's decision. *See Cabinet for Health and Fam. Servs. v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010); Kentucky Rules of Civil Procedure ("CR") 52.01.

-5-

Clear and convincing evidence exists when it is of a "probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *J.R.E. v. Cabinet for Health & Fam. Servs.*, 667 S.W.3d 589, 592 (Ky. App. 2023) (citation omitted)

When a party files an *Anders* brief in a termination of parental rights case, the Appellate Court is not required to address every conceivable argument that an appellant could have raised on appeal. *A.C.*, 362 S.W.3d at 370. The Appellate Court's review is analogous to a palpable error standard of review, requiring only that the Court "ascertain error which 'affects the substantial rights of a party.'" *Id*. (quoting CR 61.02). "[A] palpable error determination turns on whether the court believes there is a 'substantial possibility' that the result would have been different without the error." *Hibdon v. Hibdon*, 247 S.W.3d 915, 918 (Ky. App. 2007) (citation omitted). Furthermore, in matters to which *A.C.* and *Anders* are applicable, this Court "independently review[s] the record and ascertain[s] whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C.*, 362 S.W.3d at 370-72 (citing *Anders*, 386 U.S. at 744).

## ANALYSIS

Parental rights may be involuntarily terminated after the court makes three determinations, based on clear and convincing evidence: (1) that the child is abused or neglected, as defined by Kentucky Revised Statutes ("KRS")

600.020(1); (2) that the termination is in the child's best interest; and, (3) that at least one ground of parental unfitness exists as laid out in KRS 625.090(2)(a)-(j). KRS 625.090; *see also Cabinet for Health and Fam. Servs. v. K.H.*, 423 S.W.3d 204, 209 (Ky. 2014). Relevant here, the trial court made findings that the Cabinet alleged grounds for termination of parental rights under KRS 625.090(2)(a), (e), and (g).

KRS 625.090(3) provides a list of factors the circuit court shall consider in determining the best interest of the child and the existence of a ground for termination. Without reproducing the exhaustive list, this Court notes that the circuit court properly acknowledged and cited to the best interest factors of KRS 625.090(3) in its Findings of Fact and Conclusions of Law.

As mentioned above, counsel's *Anders* brief acknowledges there are no nonfrivolous grounds for error in the Findings of Fact and Conclusions of Law made by the trial court in granting this termination. Additionally, Father's counsel concedes that with respect to J.K.V., Jr., the Logan District Court made a finding of dependency, neglect or abuse in Logan No. 23-J-00047, and with respect to R.J.V., in Logan No. 23-J-00057. The *Anders* brief for Father's counsel highlights that the trial court used those findings as a factual basis for involuntarily terminating Father's parental rights and admits that those findings appear

supported by the evidence and testimony heard by the court, indicating those findings were not clearly erroneous.

With respect to KRS 625.090(a), the trial court made a finding that on the issue of abandonment, the evidence at trial did not indicate that Father evinced a settled purpose to forego all parental duties and relinquish all parental claims to his children, *O.S. v. C.F.*, 655 S.W.2d 32[1] (Ky. App. 1983), and noted that incarceration cannot be construed as abandonment as a matter of law, citing *J.H. v. Cabinet for Human Resources*, 704 S.W.2d 661, 663 (Ky. App. 1985). On the issue of abandonment, the trial court critically noted that Father's mental health struggles prevent him from appropriately parenting more than a desire not to parent.

In addressing KRS 625.090(2)(e) and (g), respectively, the trial court found that overwhelming evidence supported the first part of each provision preceding the clauses concerning the reasonable expectation of improvement of the parent. Bolstering its reasoning, the trial court cited to Allen's testimony that as of the date of the filing of the Petition in these TPR actions, the Father has not been fully compliant with the remedial orders and the Cabinet's court-approved case treatment plan arising from the children's dependency, neglect, and abuse actions. Further, the court reasoned that Father has not availed himself of the services

---

[1] This Court notes that the provision cited by the trial court is found at 655 S.W.2d at 34.

offered by the Cabinet or has otherwise failed to make sufficient progress in the court-approved case treatment plan to allow for the safe return of the children to Father's parental custody and care, and that the Cabinet has subsequently been unable to recommend reunification of the children with Father. The trial court noted that because of Father's failure or inability to fully engage in treatment and reform the behaviors that led to the removal of the children from parental custody, the children could not be safely returned to parental custody for the past fifteen (15) months. Consequently, the trial court found that under KRS 625.090(e), for a period of not less than six months the Father has been continuously or repeatedly incapable of providing essential parental care and protection for the children. The *Anders* brief submitted by Father's counsel conceded that despite Father's testimony that he had been working the case plan and attempted to obtain stable housing, Father was unable to provide sufficient evidence he had provided essential parental care or protection for the children or that there was a reasonable expectation of improvement. After conducting its own review of the record, this Court agrees.

Then, with respect to KRS 625.090(2)(g), the trial court found based on the testimony of Father and Allen, that as long as the children have been in state care, Father has continuously failed to provide or has been incapable of providing the children with essential food, clothing, shelter, medical care, or education

reasonably necessary and available for the child's well-being. Critically, the trial court reasoned that although Father was capable of working, either he has not done so, or when periodically working, he has not offered any significant financial assistance to meet the material needs of his children. Further, the lower court reasoned that Father's failure or inability to meet the material needs of his children was primarily due to significant mental illness or limitations and not to poverty alone. Again, the *Anders* brief conceded that although Father testified he had been employed and had obtained housing, he was unable to provide sufficient evidence of his capability to provide essentials or that there was a reasonable expectation of improvement in his conduct. After conducting our own review of the evidence presented and testimony heard by the trial court, we agree.

To complete its analysis, the trial court thoroughly applied the "best interest of the child" factors from KRS 625.090(3) and relied on substantial evidence in the record. As Father's counsel acknowledged, the trial court's best interest determination was based on the consideration of stability needed by the children and the steadiness and reliability afforded by the current foster parent arrangement. As Father's counsel recognized, Father's inability to successfully complete the Cabinet's case plan undercut his assertion of being ready to receive custody. The trial court's finding that termination was in the best interest of the children was not clearly erroneous.

## CONCLUSION

Finding substantial evidence in the record to support the parental termination order and no clear or palpable error, we affirm the judgment of the trial court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Justin D. Crocker
Russellville, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Leslie M. Laupp
Covington, Kentucky